

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2003

# USA v. Polishan

Precedential or Non-Precedential: Precedential

Docket No. 02-1325

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Polishan" (2003). *2003 Decisions.* Paper 323.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/323

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed July 14, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1325

UNITED STATES OF AMERICA

v.

PAUL F. POLISHAN,

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 96-cr-00274)
District Judge: Honorable Thomas I. Vanaskie

Argued March 10, 2003

Before: RENDELL, AMBRO and MAGILL,*
*Circuit Judges*

(Opinion filed: July 14, 2003)

Peter Goldberger, Esquire (Argued)
Law Office of Peter Goldberger
50 Rittenhouse Place
Ardmore, PA 19003-2276

Attorney for Appellant

---

* Honorable Frank J. Magill, Circuit Judge of the United States Court of
Appeals for the Eighth Circuit, sitting by designation.

Thomas A. Marino
United States Attorney
Bruce Brandler (Argued)
Assistant United States Attorney
Office of the United States Attorney
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108

Lorna N. Graham
Assistant United States Attorney
Office of the United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA 18501

Attorneys for Appellee

## OPINION OF THE COURT

AMBRO, *Circuit Judge*:

Paul F. Polishan appeals his conviction on charges of conspiracy, securities fraud and other related offenses. He argues that the District Court erred in rulings relating to pre-trial discovery procedures and to the admission of evidence at trial. We hold that Polishan waived his right to appeal the rulings on pre-trial discovery procedures by failing to comply with the procedural requirements of a local rule and we find no error in the admission of evidence to which Polishan objects. Thus we affirm.

## I. *Factual Background*

In 1987, Polishan became the Senior Vice President of Finance, Chief Financial Officer and Chief Accounting Officer of Leslie Fay Companies (LFC). Polishan ran Leslie Fay's Hanover, Pennsylvania facility, supervising its financial operations and the employees involved in those operations. In January 1993, accounting irregularities at LFC came to light, for which LFC's Corporate Controller and Polishan's direct subordinate, Donald F. Kenia, initially claimed full responsibility. The LFC Board of Directors'

Audit Committee began an investigation. Two weeks later, during interviews conducted by attorneys and accountants retained by the Audit Committee, Kenia stated that Polishan had directed the illegal conduct. Kenia similarly implicated Polishan in subsequent interviews with federal law enforcement authorities.

In September 1993, the Audit Committee issued a 369-page report concluding that, because of unsupported entries in its ledgers, LFC had overstated by more than $75 million its pre-tax net income for the years 1990-1992. As part of the investigation resulting in the issuance of that report, LFC President Babcock asked Roger Vallecorse, former Vice-President of Human Resources, to interview Polishan, Kenia, and the divisional controllers who worked under Polishan and Kenia. The Audit Committee Report did not conclude formally that Polishan participated in the fraud, but did detail the evidence that supported such a conclusion (including Kenia's statements). In October 1994, Kenia pleaded guilty to charges relating to the making of false statements in financial statements submitted to the Securities and Exchange Commission ("SEC").

## II. *Procedural History*

In October 1996, a grand jury returned an indictment charging Polishan with, *inter alia*, conspiracy to falsify the books and records of LFC, the making of false statements in documents submitted to the SEC, securities fraud, bank fraud and wire fraud. Polishan was arraigned shortly thereafter.

### A. Discovery

On November 26, 1996, the District Court appointed a Magistrate Judge to supervise discovery. The Government adopted an "open file" policy, whereby it made available to defense counsel all material in the Government's possession, with the exception of privileged items and attorney work-product. Defense counsel had access to the room in the federal building where the file was located and permission to bring in a photocopier. Discovery was completed on December 15, 1998.

On January 5, 1999, Polishan filed pre-trial motions arguing, *inter alia*, that the "open file" policy of the

Government had proved impractical. He requested relief in the form of continuing access to the discovery file and, to facilitate access, requested that the Court establish a supervised document depository where documents would be stored until trial. The Magistrate Judge rejected this request, concluding that Polishan was given adequate opportunities to conduct discovery.

Polishan also requested identification by the prosecution of material under *Brady v. Maryland*, 373 U.S. 83 (1963). The Magistrate Judge concluded that "the Government has complied with its *Brady* obligations by providing a complete open file to the defendant for more than two years."

### B. Trial

While Polishan's bench trial was initially scheduled for January 27, 1997, it began over three years later — on March 1, 2000. It continued for 35 days over four months. On July 5, 2000, the District Court found Polishan guilty of 18 of the 20 substantive counts. He filed post-verdict motions in August and September 2000. In those motions, he contended, for the first time, that the Magistrate Judge had erred in his rulings on Polishan's pre-trial motions. On July 27, 2001, the District Court denied those motions. Thereafter Polishan was sentenced to nine years imprisonment, to be followed by three years of supervised release. This appeal followed.[1]

## III. *Discussion*

### A. Discovery Procedures

Polishan argues that, by holding the Government satisfied its obligation to produce documents, the District Court violated his rights under *Brady* and Federal Rule of Criminal Procedure 26.2. The District Court held that Polishan had waived his right to object to discovery procedures by failing to seek reconsideration of the discovery rulings of the Magistrate Judge prior to trial.[2] We agree.

---

1. The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal from a judgment of conviction and sentence pursuant to 28 U.S.C. § 1291.

2. The District Court also concluded that the Magistrate Judge's holdings were not clearly erroneous. Because we conclude that Polishan waived his right to object, we need not assess the merits of that conclusion.

28 U.S.C. § 636 authorizes a district court to appoint a magistrate judge to hear and decide both dispositive and non-dispositive matters. For the former, the statute mandates a specific time within which objections are to be filed. 28 U.S.C. § 636(b)(1)(C) (authorizing "any party" to "serve and file written objections" within ten days of service of the findings and recommendations on dispositive motions). In contrast, § 636(b)(1)(A), which authorizes a magistrate judge to hear and decide pretrial non-dispositive matters, provides only that the district court judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law," without specifying particular procedures for that reconsideration.

In all federal civil cases, Federal Rule of Civil Procedure 72(a) requires a party to serve and file objections to a magistrate judge's ruling on a "pretrial matter not dispositive of a claim or defense" of any party "[w]ithin 10 days after being served with a copy of the magistrate judge's order," and that "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." There is no analogue to this rule in the Federal Rules of Criminal Procedure, but we have noted "the legislative history indicates that procedures are to be established by local rules." *United Steelworkers of Am. v. New Jersey Zinc Co., Inc.*, 828 F.2d 1001, 1006-07 (3d Cir. 1987) (citing H.R. Rep. No. 94-1609 at 10 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6162, 6170). In the Middle District of Pennsylvania, Local Rule 72.2 provides that in a civil or criminal case any party aggrieved by the order of a magistrate judge may seek review by appealing to the district court within ten days. Thus, in keeping with our conclusion in *United Steelworkers*, we follow the procedure prescribed by this Local Rule.

### 1. *Jurisdictional Defect v. Waiver*

We reject the Government's contention that Polishan's failure to seek reconsideration under the procedures specified by the Local Rule means that we lack jurisdiction to review the Magistrate Judge's holdings. We have always treated the defect as non-jurisdictional by allowing for

review when "exceptional circumstances" exist. *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 n.9 (3d Cir. 1998) (citing *Tabron v. Grace*, 6 F.3d 147, 153-54 n.2 (3d Cir. 1993)). If the defect were jurisdictional, of course, we would be unable to review the order even in the most exceptional of circumstances. *See United States v. Brown*, 299 F.3d 1252, 1260 (11th Cir. 2002) ("Although Brown argues for an equitable exception, the rule is jurisdictional and therefore is not subject to equitable exceptions.")(citations omitted). While we hold that we shall not review the Magistrate Judge's rulings because of Polishan's failure to seek reconsideration under the procedures specified by the Local Rule, we do so because he has waived his right to appellate review, not because our Court lacks jurisdiction to review his claims. *Accord United States v. Brown*, 79 F.3d 1499, 1504-05 (7th Cir. 1996) (holding that waiver is not jurisdictional); 12 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3070.1 (2d ed. 1997) ("Even where the [waiver] rule applies, it is not jurisdictional.").[3]

### 2. *Waiver*

Because Polishan did not seek reconsideration of the Magistrate Judge's discovery ruling under the procedures specified by the Local Rule, he has waived the right to appeal that ruling. It is undisputed that, in civil cases, the right to appeal the ruling of a magistrate judge is waived if

---

3. We note that an appellate court may lack jurisdiction to review dispositive decisions made by a magistrate judge under 28 U.S.C. § 636(b)(1)(B) because that order is not final. Rather, it is a proposed finding and recommendation that must be accepted, rejected or modified by the district court. *Cf. United States v. Ritte*, 558 F.2d 926 (9th Cir. 1977) (holding that because a magistrate judge's order issued under § 636(d) must be referred to a district court it "is not a final appealable order of the district court within the meaning of 28 U.S.C. § 1291"). In contrast, a non-dispositive decision made by a magistrate judge under 28 U.S.C. § 636(b)(1)(A) (as in this case) need not be reviewed by the district court unless objections to the order are raised. As a result, the order of the Magistrate Judge is final without further action by the District Court. *Continental Cas. Co.*, 150 F.3d at 250 ("In a subsection (A) referral, the magistrate judge's order has the force of law unless appealed. It is final in the sense that it may be appealed.").

reconsideration before the district court is not sought in a timely fashion. *United Steelworkers*, 828 F.2d at 1008 ("[W]e hold that by failing to object in the district court to the magistrate's order striking its jury demand, Steelworkers has waived its ability to challenge that order on appeal."). We have not considered whether the right to appeal is similarly waived in criminal cases.

Polishan urges us to follow the Ninth Circuit, the only court to hold that the waiver rule does *not* apply in criminal cases. *United States v. Abonce-Barrera*, 257 F.3d 959 (9th Cir. 2001).[4] The Ninth Circuit relied on the fact that there is no time for objections set out in 28 U.S.C. § 636(b)(1)(A), and no gap-filler provided in the Federal Rules of Criminal Procedure. *Abonce-Barrera*, 257 F.3d at 967. The supervisory powers of the courts to form procedural rules are limited and while Federal Rule of Civil Procedure 72(a) provided a "clear basis in fact and law" justifying a waiver rule in civil cases, there is no clear basis in the criminal context. *Id.* at 967-68. The Court therefore held that Abonce-Barrera had not waived his right to appeal the Magistrate Judge's discovery rulings.

This reasoning is simply not applicable to Polishan. Unlike *Abonce-Barrera*, here there is "a clear basis in law and fact" to apply a waiver rule to this criminal case. The Local Rules for the Middle District of Pennsylvania provide a time within which objections must be filed to a magistrate judge's rulings and that rule applies in both civil and criminal cases. Local Rule 72.2 for the Middle District of Pennsylvania ("Any party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion or matter *in any civil or criminal case.*") (emphasis added).

We note also that, by not timely seeking reconsideration by the District Court of the Magistrate Judge's discovery rulings (instead waiting until after the trial), Polishan deprived the District Court of the opportunity effectively to

---

4. The First, Fifth, Seventh, and Eleventh Circuits have, without comment, applied the waiver rule in criminal cases. *United States v. Akinola*, 985 F.2d 1105, 1108-09 (1st Cir. 1993); *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980); *Brown*, 79 F.3d at 1504; *Brown*, 299 F.3d at 1260.

review that decision and to correct any errors. *Renfro*, 620 F.2d at 500. In the civil context, we have concluded that seeking review of rulings of magistrate judges for the first time after a trial would impermissibly allow a litigant a second bite at the apple. *United Steelworkers*, 828 F.2d at 1008 ("We cannot escape drawing the inference that Steelworkers, which never once suggested to the district court that it preferred a jury trial to the bench trial given it, wished to have two bites to the proverbial apple, and awaited that court's decision on the merits before raising the jury trial issue . . . . We cannot condone such trial tactics."). When objections are not raised until after the trial, even if the district court disagrees with the magistrate judge's discovery rulings, there is very little opportunity to correct those problems. As the District Court here noted, "[t]o allow Mr. Polishan to now raise a discovery-related issue as a basis for a new trial would be manifestly unfair to the government and wasteful of scarce judicial resources." *United States v. Polishan*, 2002 WL 848583, at * 12 (E.D. Pa. Jul. 27, 2002); *see also United Steelworkers*, 828 F.2d at 1007 ("[B]y failing to file timely objections to the magistrate's discovery order, appellants not only stripped the district court of its function of effectively reviewing the magistrate's order, but also frustrated the policy behind the Magistrate's Act, i.e., to relieve courts of unnecessary work and to improve access to the courts.") (quoting *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1165 (10th Cir. 1986)).[5]

We conclude that Polishan has waived his right to appeal the rulings of the Magistrate Judge. He failed to comply with Local Rule 72.2, which provides a specific time within which to seek reconsideration of the rulings of a magistrate judge. And we find no "extraordinary circumstances" that would justify exercising our discretion to ignore his lack of compliance. *United Steelworkers*, 828 F.2d at 1008.

---

5. Because we hold today that Polishan waived his right to appeal the rulings of the Magistrate Judge by not complying with Local Rule 72.2, we need not reach the issue whether, in the absence of that Local Rule, his failure to appeal the Magistrate Judge's rulings until after the trial also would have resulted in a waiver of his right to appeal those rulings.

### B. Admission of Evidence

Polishan argues that the District Court abused its discretion by admitting certain evidence in violation of the Federal Rules of Evidence. We reject these contentions because Polishan failed to raise objections to any objectionable evidence, and the admission of any potentially objectionable evidence did not constitute plain error.

1. *Admission of Testimony in Violation of Expert Witness Rule*

Polishan contends that Government witnesses presented inadmissible evidence by testifying about the corporate culture at LFC and by giving opinions regarding Polishan's mental state in violation of Federal Rules of Evidence 704(b) and 701(b). The Government retorts that the testimony was admissible under Federal Rule of Evidence 701 as lay opinion evidence. We review decisions of the District Court to admit opinion evidence for abuse of discretion. *United States v. Leo*, 941 F.2d 181, 192-93 (3d Cir. 1991). When contemporaneous objections are not made, we review the admission of evidence for plain error.[6] Fed. R. Evid. 103(d).

i. Rule 704

We reject Polishan's argument that the testimony of the Government's witnesses violated Federal Rule of Evidence 704(b). Testimony about "an ultimate issue to be decided by the trier of fact" is generally admissible. Fed. R. Evid. 704(a). It is only inadmissible if the testimony comes from an "expert witness testifying with respect to the mental state or condition of a defendant in a criminal case," in which case that witness may not "state an opinion or inference as to whether the defendant did or did not have

---

6. We may reverse a district court for a plain error only if we conclude (1) an error was committed, (2) it was plain (clear and obvious), and (3) it affected the outcome of the district court proceedings. *United States v. Olano*, 507 U.S. 725, 733-34 (1993). If we conclude that the error is both obvious and prejudicial, we may order its correction, but are not required to do so. *Id.* We correct only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 734 (internal citations omitted).

the mental state or condition constituting an element of the crime charged or of a defense thereto." Fed. R. Evid. 704(b). The ultimate issue at trial was whether Polishan knew of and directed the accounting irregularities at LFC. He claims that the Government's witnesses impermissibly gave their opinion on this issue, thus violating Rule 704(b). Because none of the witnesses to whom Polishan objects was an expert, that their testimony may have covered the issue of knowledge does not make it inadmissible.

### ii. Rule 701

We reject Polishan's contentions of error under Federal Rule of Evidence 701. Any testimony that is arguably inadmissible under Rule 701 was not contemporaneously objected to, and its admission was not plain error.

Under Rule 701, lay opinion is admissible so long as it is (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. A witness testifying about business operations may testify about "inferences that he could draw from his perception" of a business's records, or "facts or data perceived" by him in his corporate capacity. *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403, 404 (3d Cir. 1980). Lay opinion testimony may be based on the witness's own perceptions and "knowledge and participation in the day-to-day affairs of [the] business." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1175 (3d Cir. 1993).

While we have never held that lay opinion evidence concerning the knowledge of a third party is *per se* inadmissible, we have certainly made this kind of evidence difficult to admit. If the witness fails to describe the opinion's basis, in the form of descriptions of specific incidents, the opinion testimony will be rejected on the ground that it is not based on the witness's perceptions. *United States v. Anderskow*, 88 F.3d 245, 250 (3d Cir. 1996) (noting that opinion evidence must be "rationally based" on witness's perceptions). To the extent the witness describes the basis of his or her opinion, that testimony will be rejected on the ground that it is not helpful because the

fact finder is able to reach his or her own conclusion, making the opinion testimony irrelevant.[7] *Anderskow*, 88 F.3d at 251 ("We do not understand how a witness' subjective belief that a defendant 'must have known' is helpful to a fact finder that has before it the very circumstantial evidence upon which the subjective opinion is based.") (citing *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992)).

There is a fine line between statements that permissibly offer a witness's testimony about his or her own perceptions while supporting inferences about knowledge, and statements that constitute opinions on a witness's knowledge. In *Anderskow*, 88 F.3d at 249, we found no error in the admission of testimony where the witness "never explicitly opined on direct examination that [defendant] possessed guilty knowledge" but "provided several reasons to support the unstated conclusion" that he did. Examples of such testimony included statements that defendants were "working toward a common goal" and that someone had told the witness that the defendant "would do anything they asked." *Id.* Statements that "furnished the basis for an inference, based on circumstantial evidence, that [defendant] had guilty knowledge which the government was free to suggest during its closing argument" did not implicate Federal Rule of Evidence 701. *Id.*

Most of the statements to which Polishan objected are analogous to the admissible statements in *Anderskow*. For example:

1. Vallecorse: Kenia was "totally committed" to, and "would do anything to please," Polishan. Polishan was the "puppet master" and Kenia was "subservient." Polishan had the "dominant personality" and Kenia "walked on egg shells" because he was "afraid."

---

7. If the opinion testimony is rejected on the ground that it is not helpful because it is repetitive, it follows that the admission of the opinion evidence will usually be considered harmless error. *See, e.g.*, *Anderskow*, 88 F.3d at 251 (admission of opinion evidence harmless error because other circumstantial evidence of defendant's knowledge was overwhelming).

2.  Falkowitz: "Paul Polishan knew about anything and everything that went on in our company."

3.  Pomerantz: Polishan was "completely knowledgeable about what was going on in my divisions" and "incredibly . . . knowledgeable about the — all financial aspects of the business and intimately knew the details."

These statements are based on the witness's day-to-day knowledge of his or her business. *Lightning Lube, Inc.*, 4 F.3d at 1175. And they are statements that left the ultimate conclusion about whether Polishan knew about the accounting irregularities to the fact finder. In this context they are unobjectionable.

The evidence to which an objection could have been raised was not challenged contemporaneously. Vallecorse read into evidence a document that contained statements about the relationship between Polishan and Kenia, including the statement that "[i]t is difficult to believe . . . , given the culture in Hanover, that Don Kenia would have altered financials, without Paul's knowledge or direction." Polishan did not object to the reading of this document. As his counsel stated, "I don't have an objection, evidentiary, or whatever that word is, but, procedurally, these documents are in evidence, they speak for themselves. He doesn't have to read them to the Court."[8]

We reject Polishan's argument that, because he raised a general objection at the pretrial conference to testimony on knowledge and reiterated that objection several times during trial, he should not be penalized for his "failure to catch each iteration of the improper testimony, particularly when the court has already overruled counsel's objections several times." Reply Br. at 18 (citing to *American Home*

---

8. The Government also argues that Polishan stipulated to the admissibility of the document. Polishan responds that he reserved the right to argue that its contents were inadmissible. Even if we were to assume that he did reserve the right to argue that the contents were inadmissible (an assumption, from the face of the stipulation, that may be overly generous to Polishan), we would still reject his argument because, as noted above, he failed to object to admission of the document at trial.

*Assur. Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 324 (3d Cir. 1985)). Under the *American Home* test, "if a party files an unsuccessful motion *in limine* seeking the exclusion of certain evidence, that party need not formally object at trial when the evidence in question is introduced if two conditions are satisfied: (1) the party filed a written pre-trial motion setting forth reasons and case citations in support of the request that the evidence be excluded; and (2) the district court made a 'definitive' ruling with no suggestion that it would reconsider the matter at trial." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 (3d Cir. 1997). Polishan's written pre-trial motion adequately explained the request that lay opinion evidence about Polishan's knowledge be excluded. But the District Court did not make a definitive ruling on this issue. The pretrial order explicitly "reserve[d] ruling on any evidentiary issue not decided by this order until the appropriate evidence has been presented within its context at trial." Polishan was not, therefore, excused from the requirement that he object at trial.

Because Polishan did not object to the admission of this testimony, we review its admission for "plain errors affecting substantial rights." Fed. R. Evid. 103(d). An error affects the substantial rights of a party only if it is prejudicial. *United States v. Williams*, 299 F.3d 250, 257 (3d Cir. 2002). Any error in the admission of Vallecorse's testimony was harmless because of the overwhelming weight of the other evidence provided by Vallecorse in support of his conclusions, and by the corroborating evidence provided by the other Government witnesses about the corporate culture at the Hanover facility. *See Anderskow*, 88 F.3d at 251 (admission of testimony that gave opinion of knowledge was harmless error because other circumstantial evidence of defendant's knowledge was overwhelming).[9]

---

9. Polishan also argues the inadmissibility of Vallecorse's negative answer to the question whether he believed Kenia's denials of Polishan's knowledge. No objection was made to this answer. And its admission was harmless because the District Court sustained the objection that was made to the Government's next question. When the Government asked Vallecorse why he did not believe Kenia, and the defense finally objected, the District Court sustained the objection on the ground that "I generally don't have witnesses testify as to whether somebody is credible in what they were saying."

## 2.  *Admission of Audit Report*

Polishan also maintains that the District Court erred in admitting the Audit Report because it was not a business record. Once again, the Government argues that Polishan waived his right to object by stipulating to its admission. Conceding he waived his right to object on most evidentiary grounds, Polishan counters that his waiver did not extend to the issue whether it was a business record. We agree. The relevant stipulation reads as follows:

> The report of the Audit Committee of the Board of Directors of the Leslie Fay Companies . . . may be admitted into evidence upon the trial of this matter, without prejudice to the rights and positions of the parties as to the truthfulness, accuracy or evidentiary weight of such document, or as to whether such document is a business record.

Its plain language gives Polishan a safe haven to object to the Audit Report as a business Report.

Having not *waived* his right to object to the Audit Report's admission at trial as not a business record, it nonetheless does not appear that Polishan ever *exercised* that right. Indeed, Polishan signed a second stipulation to the admissibility of the Audit Committee Report, with defense counsel's initials next to that exhibit on the exhibit list, indicating his agreement that the document "may be admitted into evidence without any further foundation of proof, or authenticity, and without calling a witness." He admitted during a telephone conference with the District Court that the Audit Committee Report was admissible so long as defense counsel could submit a responsive report. Finally, he failed to object when the Audit Committee Report was first introduced into evidence during the trial.

Thus, once again we review for plain error. At the outset, the error, if any, was hardly obvious or clear. As the Government notes, courts are divided on the question whether this document would be admissible as a business record. *Compare United States v. Frazier*, 53 F.3d 1105, 1110 (10th Cir. 1995) (audit report of accountant admitted as business record); *United States v. Blackwell*, 954 F. Supp. 944, 973-74 (D.N.J. 1997) (financial audit of bank

admitted as business record); *Condus v. Howard Savings Bank*, 986 F. Supp. 914, 918 (D.N.J. 1997) (report prepared by outside company hired by bank to provide assessment of loss reserves admissible as business record), *with Lamb Eng'g & Constr. Co. v. Nebraska Pub. Power Dist.*, 103 F.3d 1422, 1432 n.5 (8th Cir. 1997) (report prepared by certified public accountant based on audit inadmissible because prepared for litigation); *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258 (9th Cir. 1984) (compliance audit inadmissible because company had no regular compliance audit procedure). Our precedent on this issue is not settled. *See generally United States v. Casoni*, 950 F.2d 893, 897 (3d Cir. 1991) (concluding that report prepared by lawyer in anticipation of litigation was not sufficiently trustworthy to be admissible, but noting that objective lawyer memoranda are sometimes business records). Given the divided case law, we conclude that the admission of the Audit Committee Report was not plain error.

\* \* \* \* \*

Polishan waived his right to appeal the rulings of the Magistrate Judge by not addressing his objections to the District Court in accord with Local Rule 72.2. As for the admission at trial of Vallecorse's testimony and the Audit Committee Report, they were not contemporaneously objected to, thereby limiting our review to a search for plain error. We find none. For these reasons, we affirm the judgment of the District Court.

A True Copy:
      Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*