Kenneth L. **BAKER, et al., Plaintiffs,**

v.

**H.L. HAUN, et al., Defendants.**

**No. 2:86 CV 361 JTG.**

United States District Court, D. Utah, Central Division.

Aug. 27, 2004.

---

Mr. Mendoza about his legal status were impermissible.

Brian M. Barnard, James L. Harris, Jr., Salt Lake City, UT, Stephen Russell, Moab, UT, for Plaintiffs.

Allan L. Larson, Snow Christensen & Martineau, Craig L. Barlow, Salt Lake City, UT, Daniel D. Hill, Olympic Financial Ltd., Minneapolis, MN, Kent M. Barry, Provo, UT, Paul Van Dam, Charlotte, NC, James H. Beadles, Utah Dept of Transportation, Sharel S. Reber, Salt Lake City, UT, for Defendants.

### Memorandum Decision and Order

J. THOMAS GREENE, District Judge.

This matter is before the Court on Report and Recommendation rendered by Magistrate Judge Sam Alba dated March 31, 2004. Plaintiffs' filed an Objection and defendants filed Opposition Objections thereto. Plaintiffs' Objection was based on the narrow ground that defendants presently intend to double cell an area within the Wasatch Unit of the Utah State Prison, described as third tier of C Block, in violation of an Injunction issued by this Court in 1992. On June 11, 2004, plaintiffs filed Withdrawal of their Objection.[1]

---

1. Plaintiffs state their reason for withdrawal of objection was "... because of actions recently taken by defendants with regard to changes of the physical facilities of C Block, third tier."

This Court adopts and approves the Magistrate Judge's Report and Recommendation, denies all pending motions and dismisses the case without prejudice to any individual actions which might properly be filed by aggrieved persons.

## BACKGROUND

An action was filed in 1986 by inmates of the Utah State Prison challenging conditions of confinement, including particularly double celling (also herein referred to as "double bunking") in certain areas of the Wasatch Unit within the prison. The case was referred to Magistrate Judge Boyce under 28 U.S.C. § 636(b)(1)(B), and it was certified as a class action concerning inmates housed in C Block. Injunctive relief was put into effect in 1986 and 1988 in certain areas within the prison. After extensive discovery and pretrial proceedings, as well as a trial before the magistrate judge, this Court entered a preliminary injunction on April 10, 1991 prohibiting double celling in B, B North, C, and D Blocks. On March 18, 1992, a permanent injunction was issued prohibiting double celling in the third tier of Block C and in all areas of Block B North. The preliminary injunction was dissolved by action of this Court as to tier two of C Block,[2] and as to D Block. Also, this Court determined that double celling within B Block may be permitted by further Order of the Court upon a showing of specified renovation and construction. *See Baker et al. v. Holden et al.,* 787 F.Supp. 1008 (D.Utah 1992). The required renovation and construction was accomplished and completed so as to remove the prohibition against double celling in B Block.

## PRISONER LITIGATION REFORM ACT (PLRA)

In 1996 Congress enacted the Prisoner Litigation Reform Act (PLRA). 18 U.S.C. § 3626 et seq. The act provides for termination of prospective relief granted by courts concerning prison conditions unless supported by findings which are required under the Act. In this regard, the Act provides:

> In any civil action with respect to prison conditions, a defendant or intervener shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(b)(2).

This court did find, and the record so reflects, that there was a violation of the Eighth Amendment "deliberate indifference" standard as to certain areas within the prison, but there was no specific finding in the record that the relief was narrowly drawn and extends no further than necessary to correct the violation of the Federal right and is the least intrusive means necessary to correct the violation. In any event, the record does not reflect "current and ongoing violation of the Federal right" as relates to the present changed conditions in the prison.

Despite the mandatory termination requirement of the statute, prospective injunctive relief may be continued if the court which ordered such prospective relief sets forth the following findings:

> Written findings based on the record that *prospective relief remains necessary to correct a current and ongoing violation of the Federal right,* extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

---

**2.** There is no inmate housing on the first tier of C Block.

18 U.S.C. § 3626(b)(3) (emphasis added). In the absence of such findings, prospective relief such as this Court's permanent injunction entered in 1992, is subject to termination by reason of the PLRA.

In the case at bar, the magistrate judge determined "there is no evidence in the record showing that the 1992 injunction as to C Block, third tier, remains necessary to correct a current and ongoing violation of a Federal right." Report and Recommendation at Pg. 8. Upon review, the Court agrees and specifically adopts that finding. This is further manifest by defendants' withdrawal of their Objection to the magistrate judge's report concerning C Block, third tier. No present and ongoing violation of a federal right exists as to any area affected by the 1992 injunction. Concerning B North Block, the magistrate judge found no evidence in the record that defendants have resumed double bunking in that area, or any intention by prison officials to do so in the future. The Court so finds, and rules that continuation of the 1992 injunction is not necessary to prevent a current and ongoing violation of any federal right in that area. The same is true in all other areas of the prison.

### Defendants' Motion to Terminate the 1992 Injunction Under the PLRA

On May 19, 2000, defendants moved to terminate the 1992 injunction as to all areas and cell blocks within the prison which were affected by the said injunction. Thirty days after that motion was filed, on June 19, 2000, the 1992 injunction was stayed by operation of law as provided in the PLRA.[3]

It is manifest and the Court so finds that the critical required finding to justify continuation of prospective relief under Section 3626(b)(3) of the PLRA cannot be made based on the record or present circumstances as to C Block, third tier or indeed as to any of the areas affected by the 1992 injunction within the Wasatch Unit of the prison. That most important and crucial finding required by the PLRA, which this Court finds and rules cannot be justified or made at this time as to any areas affected by the injunction including particularly third tier of C Block, is that *"prospective relief remains necessary to correct a current and ongoing violation of [the] Federal right."* The record and all matters of competence before the Court do not support such a finding as to any of the areas affected by the 1992 injunction sufficient to continue prospective injunctive relief. Under the PLRA analysis which requires a current and ongoing violation of a federal right, no present unwillingness on the part of the prison officials to comply with the 1992 injunction in all areas of the prison has been shown. To the contrary, plaintiffs recognize a willingness by current prison officials to make appropriate changes and not to reinstitute double celling in the third tier of C Block, and have made no objection or claims of unwillingness to comply with the injunction in all affected areas. Accordingly, this Court finds and determines that the 1992 injunction should be dissolved.[4]

Upon review of the record and all filings herein, this Court approves and adopts Magistrate Judge Alba's Report and Recommendation as well as the reasoning set

---

3. 18 U.S.C. § 3626(e)(2) provides that an automatic stay shall take effect 30 days after a motion to terminate prospective relief is filed. Plaintiffs acknowledge at page 2 of their Objection to the current Report and Recommendation that the injunction is "now stayed."

4. There is no "current" or "ongoing" violation of a federal right even under the Eighth Amendment analysis based upon "deliberate indifference", as set forth by this Court in imposing the permanent injunction in 1992. *See Baker et al. v. Holden et al.,* 787 F.Supp. at 1017–18.

forth in the brief of defendants entitled, "Opposition to Plaintiffs' Objection to Magistrate's Report and Recommendation", in reaching the conclusion that the 1992 injunction should be terminated and dissolved as to all portions of the Wasatch Unit within the Utah State Prison.[5]

### Termination of the Automatic Stay of the 1992 Injunction under the PLRA

The Court finds and concludes that the 1992 injunction was automatically stayed by operation of law pursuant to the PLRA, 18 U.S.C. § 3626(b)(2)(A)(i), beginning June 19, 2000. That stay has been in effect since then, but will be of no further force or effect at and after the date of this Order.

### No Need for Evidentiary Hearing Under PLRA

■ Plaintiffs do not urge the Court to provide an opportunity to present evidence and argument for continuation of the 1992 injunction. Initially, plaintiffs' position was that the injunction should not be dissolved as to the third tier of C Block, and that no evidentiary hearing would be necessary for the reason that sufficient findings and evidence exist in the record from which any required findings could be made in order to comply with "the new criteria of the PLRA" to continue the injunction as to C Block, third tier. Also, plaintiffs submitted affidavits outside the record in support of that position.[6]

The Court finds that an evidentiary hearing would not materially assist the Court in rendering its decision in this matter, and that there is no need for such a hearing. In view of the withdrawal by plaintiffs of their objection concerning possible double celling within the third tier of C Block, it appears that neither an evidentiary hearing nor findings from the record in support of continuation of the injunction as to C Block, third tier need be made, and the Court so finds. The Court also finds such a hearing to be unnecessary as to any other area within the prison affected by the 1992 injunction.

### Plaintiffs' Motion for Order to Show Cause for Contempt of Court

■ In May, 2000, plaintiffs moved for an Order to Show Cause why defendants should not be found to be in contempt of court, and for attorney fees, because of the resumption of double celling in Block B of the Wasatch Unit of the prison without the required court order permitting such to be done. Previous orders were entered by the Magistrate Judge and this Court, in effect disposing of this matter.

Plaintiffs' contempt motion was considered by Magistrate Judge Boyce in 2000. Although Judge Boyce concluded that defendants technically had violated the 1992 injunction by failing to seek and obtain an order from this Court before resuming double bunking in B Block, he concluded that "there is no contemptuous conduct

---

**5.** Plaintiffs have not objected to the magistrate judge's Report and Recommendation regarding any of the areas affected by the 1992 injunction except C Block, third tier. Accordingly, the Report and Recommendation should be accepted as to all such housing areas within the Wasatch Unit of the Utah State Prison. 28 U.S.C. § 636(a)(C) provides that "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rule of court."

See *United States v. Polishan,* 336 F.3d 234, 239 (3d Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 1521, 158 L.Ed.2d 156 (2004) (right to object is lost by failing to act within ten days).

**6.** Defendants filed a Motion to Strike plaintiffs' affidavits in this case on several grounds. However, because plaintiffs have withdrawn their objection to the Report and Recommendation this Court does not reach defendants' Motion to Strike.

related to the application of double bunking in B Block if the block otherwise met the court's requirements." *See* Magistrate Judge Boyce's Order dated June 8, 2000— Docket # 330. Concerning this court's requirement that renovation and construction in B Block should be provided similar to what had been done in D Block, Magistrate Judge Alba in his Report and Recommendation, dated March 31, 2004, found that "defendants submitted ample evidence showing that the renovation of B Block to D Block standards was completed *before* resuming double celling on B block." *See* Report and Recommendation at p. 12 (emphasis added). Magistrate Judge Alba further found and recommended as follows:

> [i]t is undisputed that Defendants satisfied the remodeling requirements before resuming double celling on B block. Accordingly, the injunction as to B block is no longer necessary and should be terminated under the PLRA.

Report and Recommendation at p. 13. The record supports this finding and the Court agrees and adopts it. Further, this Court rejected the claim of violation of the 1992 injunction because of double celling in B Block, in an Order dated May 1, 2000— Docket # 314.

This Court finds that there was no contemptuous conduct by defendants in connection with double celling in B Block, even though they committed harmless error by failing to obtain court approval prior to the double celling. Double celling B Block occurred *after* completion of the required construction in B Block in common areas and in all three tiers of B Block—similar to that which had been accomplished at D Block as this Court had directed. *See Baker et al. v. Holden et al.,* 787 F.Supp. at 1014–19. Plaintiffs' prior request for a hearing on the Motion to Show Cause is denied. Further, plaintiffs' motion for order to show cause why defendants should not be held to be in contempt

of court is denied, and no further attorneys fees are awarded. The Court also finds no present and ongoing violation of a federal right, and that continuation of the 1992 injunction applicable to B Block is no longer necessary.

### Inmate Stack's Motion to Intervene

An inmate at the Utah State Prison—Brian K. Stack—filed a "Request for Intervention and Enforcement" dated November 22, 2003, "personally and on behalf of a class of plaintiff prisoners similarly situated." (Docket # 355.) Inmate Stack alleged that he was an occupant of B Block and "housed illegally" in violation of the Court's 1992 injunction. No memorandum was filed by Inmate Stack and no showing was made in support of his tardy attempt to be included as a member of the class of inmate occupants of B Block. Inmate Stack's Motion to Intervene was untimely and should have been filed in accordance with the procedure established by the magistrate judge which was put into effect as the only avenue for inmates to be designated as a member of the class of B Block inmates. (Docket # 38.) Inmate Stack's grievances should have been set forth in a timely filed private action. Accordingly, his pending request for intervention is denied, without prejudice to the filing of a new independent action if he still claims to be aggrieved.

The matter of inmate intervention was put to rest in a similar motion previously filed by a group of inmates housed in B Block. Judge Boyce recommended denial of the Motion to Intervene in that case on March 23, 2000—Docket # 311. In an Order dated April 3, 2000, this Court approved the magistrate judge's Report and Recommendation, and rejected pending attempts to intervene, declaring that the proper course of action was to seek relief in a separate lawsuit by aggrieved parties. *See* Court Order dated April 3, 2000—

Docket # 312. The current Motion to Intervene in this case also should be and is denied for substantially the same reasons set forth in prior rulings.

All of the aforesaid motions and relevant matters are discussed at length in the March 31, 2004 Report and Recommendation by Magistrate Judge Sam Alba. Other than plaintiffs' Objection, which was withdrawn on June 11, 2004, no other objection was or is made by any person or party to other portions of the said Report and Recommendation.

This Court accepts and approves the magistrate judge's Report and Recommendation in its entirety and adopts the conclusions set forth therein substantially for the reasons set forth in the said document.

Based upon the foregoing, it is hereby

ORDERED, that defendants' Motion for Termination of the 1992 injunction entered by this Court in *Baker et al. v. Holden et al.* is Granted in accordance with PLRA, 18 U.S.C. § 3626. The 1992 injunction is terminated and dissolved as to all areas within the Utah State Prison, and the Automatic Stay of the 1992 injunction is terminated; it is

FURTHER ORDERED, that plaintiffs' "Objection Re: Magistrate Report Re: PLRA" is Denied; it is

FURTHER ORDERED, that plaintiffs' Motion for an Order to Show Cause and for Attorney Fees concerning alleged contemptuous conduct by defendants is Denied; it is

FURTHER ORDERED, that Brian K. Stack's Motion to Intervene is Denied; it is

FURTHER ORDERED, that this case is Closed in accordance with the PLRA.