GLD-084                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4544
_____

IN RE:  ALTON D. BROWN,
                                   Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 08-cv-00026)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 6, 2011
Before:  AMBRO, CHAGARES AND NYGAARD, Circuit Judges

(Opinion filed: January 21, 2011)
_____

OPINION
_____

PER CURIAM

       Alton D. Brown seeks a writ of mandamus directing the District Court to rule on a

motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure that

he contends remains pending in the District Court.  Although we agree that the motion

remains pending and that the District Court is obligated to rule on it, mandamus is not

warranted in this case.  Accordingly, we will deny the petition.

                                                  I.

       Brown, a Pennsylvania state prisoner, filed and twice amended a civil rights

complaint against his prison warden and other defendants.  The District Court initially

granted him leave to proceed in forma pauperis ("IFP").  The defendants later moved to

dismiss the second amended complaint. They argued, among other things, that Brown's IFP status should be revoked because he has "three strikes" under 28 U.S.C. § 1915(g). The District Court referred their motions to a Magistrate Judge, who recommended that it revoke Brown's IFP status and dismiss the action without prejudice to his ability to reopen it by paying the filing fee within sixty days. The District Court adopted the recommendation by order entered March 5, 2010.

Brown then filed a timely Rule 59(e) motion for reconsideration. The District Court referred that motion as well to the Magistrate Judge, who entered an order purportedly denying it on March 25, 2010. Brown filed a notice of appeal to this Court, and later filed objections to the Magistrate Judge's order with the District Court. On appeal, we denied Brown's motion for leave to proceed IFP because he has "three strikes" and did not show the requisite imminent danger under 28 U.S.C. § 1915(g). (C.A. No. 10-2212, Sept. 21, 2010 order.) We ultimately dismissed his appeal for his failure to pay the filing fee. In our order denying Brown leave to appeal IFP, we noted that, even if he paid the filing fee, the appeal would be considered for dismissal due to a jurisdictional defect because the appeal was from a Magistrate Judge's order and Brown's objections to that order remained pending in the District Court. Those objections remain pending as of the date of this opinion.

## II.

Brown now seeks a writ of mandamus directing the District Court to rule on his Rule 59(e) motion. He argues that the Magistrate Judge could not properly decide the motion and that a final decision must be rendered by the District Court. We agree. The

2

parties did not consent to have proceedings conducted by the Magistrate Judge under 28 U.S.C. § 636(c). Thus, although the Magistrate Judge's order purported to deny Brown's Rule 59(e) motion, it must be construed as a recommendation under 28 U.S.C § 636(b)(1)(B). See 28 U.S.C. §§ 636(b)(1)(A) & (b)(1)(B) (authorizing magistrate judges to recommend dispositions of, but not decide, dispositive motions); United States v. Polishan, 336 F.3d 234, 240 n.3 (3d Cir. 2003) (noting that a purported dispositive decision by a Magistrate Judge under § 636(b)(1)(B) is not a final order but is instead a "recommendation that must be accepted, rejected or modified by the district court"); see also Lizardo v. United States, 619 F.3d 273, 286 (3d Cir. 2010) ("denial of [a Rule 59(e)] motion for reconsideration is a final order"); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001) (order denying IFP status is a final order). Accordingly, Brown's Rule 59(e) remains pending before the District Court, and the District Court is obligated to rule on it.

Nevertheless, a writ of mandamus directing the District Court to do so is not warranted in this case. Brown filed objections to the Magistrate Judge's order with the District Court, and those objections have been pending for approximately seven months. "Although this delay is of concern, it does not yet rise to the level of a denial of due process." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996) (addressing seven-month delay). Given the posture of this case, it may be that the District Court is simply unaware of its obligation to rule on Brown's motion. Now that we have clarified that issue, however, "[w]e are confident that the district court will issue its decision shortly." Id. Thus, the extraordinary remedy of mandamus is not warranted in this case.

Brown also seeks a writ of mandamus directing the District Court to (1) "uphold" an alleged agreement permitting his claims to proceed against certain parties if he dismissed them as to certain others, and (2) review the record regarding that alleged agreement. Brown relied on the alleged agreement in opposing defendants' motions to dismiss, and he sought reconsideration on the grounds that the District Court failed to review the record in that regard. These arguments may be grounds for an appeal if the District Court denies his motion for reconsideration, but they are not grounds for mandamus. See id. at 79 (explaining that mandamus is not warranted where a subsequent appeal constitutes an "adequate means of relief"). Brown's "three strikes" may effectively prevent him from appealing if he once again is unable to satisfy the requirements of 28 U.S.C. § 1915(g), but a mandamus petition may not be used "to evade the [Prison Litigation Reform Act]." Id. at 78.

Accordingly, Brown's petition is denied. This denial is without prejudice to Brown's ability to file another mandamus petition if the District Court does not act on his Rule 59(e) motion within sixty days of the date of this opinion. See id. at 79. We, of course, express no opinion on the merits of Brown's motion or his objections to the Magistrate Judge's order.