NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3859
_____

ROBERT B. PATEL, M.D.;
MID-ATLANTIC MEDICAL ASSOCIATES, LLC;
                                        Appellants

v.

MERIDIAN HEALTH SYSTEM, INC.; SCOTT LARSEN;
TIMOTHY HOGAN; ANTHONY CAVA; GEORGE YOUNAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. No. 3-12-cv-03102)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 30, 2016

Before:  AMBRO, SMITH,[1] and FISHER, *Circuit Judges*.

(Filed: November 15, 2016)
_____

OPINION[*]
_____

_____

[1] Honorable D. Brooks Smith, United States Circuit Judge for the Third Circuit, assumed Chief Judge status on October 1, 2016.
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FISHER, *Circuit Judge.*

Appellants Robert B. Patel, M.D. ("Patel") and Mid-Atlantic Medical Associates, LLC, appeal two orders: the first denying a motion for leave to amend the complaint, and the second dismissing their state law claims under the supplemental jurisdiction statute, 28 U.S.C. § 1367(c). We will affirm both orders and the District Court's final judgment.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Appellants sued Appellees Meridian Health System, Inc. ("Meridian"), Scott Larsen, Timothy Hogan, Anthony Cava, and George Younan, alleging that Patel was terminated "in furtherance of Meridian's goals to eliminate competition."[2] Appellants' complaint alleged violations of the Sherman Act; the Racketeer Influenced and Corrupt Organizations Act ("RICO"); the Americans with Disabilities Act ("ADA"); and various state law causes of action.[3] The District Court granted Appellees' motion to dismiss Appellants' RICO and ADA claims for failure to state a claim.[4] At that time, the District Court cautioned Appellants that it would decline to exercise supplemental jurisdiction

---

[2] App. 41; Appellants Br. 7.
[3] App. 28. The state law claims include a violation of the New Jersey Law Against Discrimination, breach of contract, tortious interference with a contract, and defamation. *See* App. 53-60.
[4] App. 23.

2

over the remaining state law claims if the federal claim did not survive.[5] Subsequently, the District Court granted Appellees' motion to dismiss Appellants' Sherman Act claim, their final federal claim. In its order the District Court advised Appellants to file a motion for leave to amend before the Magistrate Judge if they wished to proceed with their federal claims.[6]

Appellants moved before the Magistrate Judge for leave to amend and attached a proposed amended complaint.[7] Relevant to this appeal is Count I, alleging that Appellees violated Section One of the Sherman Act[8] by wrongfully "arranging a joint boycott of Appellant Patel's services in the relevant market" and imposing "an unreasonable restraint on trade that has an anticompetitive effect on the relevant market."[9] Appellants alleged concerted action to remedy their deficient Sherman Act claim.[10]

The Magistrate Judge denied Appellants' motion to amend the Sherman Act claim, citing futility, but granted the motion with respect to the surviving state law claims.[11] The time to object to the Magistrate Judge's order in the District Court expired without objection from either party.[12] Appellants filed an amended complaint without any federal

---

[5] App. 5.
[6] App. 4.
[7] App. 30.
[8] 15 U.S.C. § 1.
[9] App. 51.
[10] App. 10.
[11] App. 18.
[12] *See* Fed. R. Civ. P. 72 (a plaintiff must appeal a magistrate judge's order by raising the objection in the district court within 14 days of the order).

claims. Noting the lack of objections to the Magistrate Judge's order, the District Court thereafter declined to exercise supplemental jurisdiction over Appellants' remaining state law claims.[13]

## II.[14]

We review the District Court's denial of a motion for leave to amend and refusal to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) for abuse of discretion.[15] "To demonstrate an abuse of discretion, [Appellants] must show that the District Court's decision was arbitrary, fanciful or clearly unreasonable."[16]

## III.

### A.

Before reaching the merits of the Magistrate Judge's denial of Appellants' motion for leave to amend their Sherman Act claim, we must determine whether the Appellants waived their right to appeal that order.

---

[13] App. 5.

[14] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291.

[15] *See Maher Terminals, LLC v. Port Auth. of N.Y. & N.J.*, 805 F.3d 98, 104 (3d Cir. 2015) (reviewing a district court's refusal to exercise supplemental jurisdiction over state law claims for abuse of discretion); *Renchenski v. Williams*, 622 F.3d 315, 324-25 (3d Cir. 2010) (reviewing a district court's denial of a motion for leave to amend for abuse of discretion).

[16] *Hart v. Elec. Arts, Inc.*, 717 F.3d 141, 148 (3d Cir. 2013).

4

The Magistrate Judge denied Appellants' motion for leave to amend their Sherman Act claim on futility grounds but granted leave to amend in all other respects.[17] The threshold issue is whether the Magistrate Judge's order is dispositive. Appellants argue that the order is dispositive of the Sherman Act claim, and, therefore, under Federal Rule of Civil Procedure 72(b), the Magistrate Judge exceeded her authority by issuing an order rather than issuing a report and recommendation for the District Court to review.[18] We disagree.

The Federal Magistrates Act[19] permits district court judges to assign specified matters to magistrate judges. The Act does not allow magistrate judges to determine pretrial matters that dispose of the litigation, specifically excluding eight motions from the authority of a magistrate judge.[20] A motion for leave to amend is not among those matters listed as dispositive. We have held that a motion for leave to amend is nondispositive.[21]

Because we find that the Magistrate Judge's denial of Appellants' motion for leave to amend is nondispositive, Appellants were required to challenge that order within 14

---

[17] App. 8. Appellants' motion was granted to remove the previously dismissed RICO and ADA claims.

[18] Fed. R. Civ. P. 72(b); *see also Henderson v. Carlson*, 812 F.2d 874, 877 (3d Cir. 1987) (failure to object to a magistrate judge's report and recommendation for disposition does not foreclose appellate review).

[19] *See* 28 U.S.C. §§ 631-39.

[20] *See* 28 U.S.C. § 636(b)(1)(A) (excluding motions to amend from the list of eight dispositive motions outside the scope of a magistrate judge's authority to issue an order).

[21] *See Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998).

days in the District Court to preserve the right to challenge it on appeal.[22] The Magistrate Judge's order is dated September 28, 2015. Appellants argue that if this Court concludes that the order is nondispositive, the issue was preserved for appeal by Appellees' October 20, 2015, objection in the District Court.[23] Under Rule 72(a), the time to challenge the order in the District Court expired on October 12, 2015. Even if Appellants were able to take advantage of Appellees' objection, the objection was untimely.[24]

Appellants' failure to object to the Magistrate Judge's nondispositive order within 14 days in the District Court bars this Court from reaching the merits of that decision.

B.

The District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Appellants' state law claims.[25] A district court "may decline to exercise supplemental jurisdiction" over state law claims if it "has dismissed all claims over which it has original jurisdiction[,]"[26] unless considerations of judicial economy, convenience, or fairness to the parties provide an affirmative justification for exercising supplemental jurisdiction.[27]

---

[22] *See* Fed. R. Civ. P. 72(a); *United States v. Polishan*, 336 F.3d 234, 239-40 (3d Cir. 2003).
[23] App. 27.
[24] App. 4.
[25] App. 5.
[26] 28 U.S.C. § 1367(c)(3).
[27] *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

Appellants argue that the District Court's *sua sponte* dismissal without any "indication that the court below considered fully the factors for supplemental jurisdiction"[28] was a deprivation of due process. We reject this argument. The fact that the District Court acted *sua sponte* is irrelevant to the validity of its order. The record indicates that the District Court fully considered the applicability of supplemental jurisdiction over the state law claims in this case.

Over a year before dismissal, the District Court warned Appellants that it would decline to exercise supplemental jurisdiction over the state law claims if the federal claim did not survive.[29] Even though Appellants were on notice that the filing of their amended complaint without federal claims might result in dismissal under 28 U.S.C. § 1367(c), they did not object to the Magistrate Judge's order. After the District Court's dismissal, Appellants filed their remaining claims in state court. We do not find any factors here warranting supplemental jurisdiction over Appellants' state law claims.

Given the absence of federal claims and of any extraordinary factors warranting supplemental jurisdiction, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Appellants' remaining state law claims.

---

[28] Reply Br. 14.
[29] App. 5.

IV.

For the reasons set forth above, we will affirm the Magistrate Judge's denial of Appellants' motion for leave to amend and the District Court's dismissal of Appellants' state law claims under the supplemental jurisdiction statute, 28 U.S.C. § 1367(c).