**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2150
_____

WAKEFERN FOOD CORP.

v.

CHRISTOPHER MARCHESE,
also known as Christopher Marchesa,
also known as Christopher Marchesi;
FAMILY MARKETS LIMITED LIABILITY COMPANY,
Appellants
_____

On Appeal from the United States District Court for the District of New Jersey
(D.C. No. 2:20-cv-15949)
Magistrate Judge:  Honorable James B. Clark, III
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 16, 2023
_____

Before:  CHAGARES, Chief Judge, GREENAWAY, JR., and PHIPPS, Circuit Judges.

(Filed: May 17, 2023)
_____

OPINION*
_____

CHAGARES, Chief Judge.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Wakefern Food Corp. ("Wakefern") filed a lawsuit against Christopher Marchese ("Marchese") and Family Markets Limited Liability Company ("Family Markets," and together with Marchese, "the defendants"), alleging violations of the Lanham Act, 15 U.S.C. §§ 1051, et seq., and state law. After the District Court dismissed the complaint without prejudice, the defendants moved for attorneys' fees and costs. The Magistrate Judge denied the motion,[1] holding that even if the defendants were prevailing parties, this case was not "exceptional" so as to warrant fees under the Lanham Act. We agree and will affirm.

## I.[2]

Wakefern is the largest retailer-owned supermarket cooperative in the United States and the exclusive owner of the SHOPRITE® name, brand, and mark. Wakefern filed a complaint against the defendants for trademark infringement, false advertising,

---

[1] The Magistrate Judge had the authority to decide the nondispositive attorneys' fees motion under District of New Jersey Local Civil Rules 40.1 and 72.1(a)(1). Local Civil Rule 72.1(c)(1)(A) provides that "[a]ny party may appeal [to the District Court] from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's order." Failure to file a timely objection with the District Court generally precludes appellate review in this Court. Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 252 (3d Cir. 1998) ("This Court has specifically held that a party failing to appeal to the district court a magistrate judge's order in a nondispositive matter may not raise an objection to it on appeal to a circuit court."). But this rule is not jurisdictional, United States v. Polishan, 336 F.3d 234, 239 (3d Cir. 2003), and Wakefern has failed to raise the defendants' procedural infirmity before us. Wakefern thus has forfeited any argument that the defendants failed to preserve the right to pursue appellate review, and we will not consider that potential argument further. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017) ("[F]orfeiture is the failure to make the timely assertion of a right, an example of which is an inadvertent failure to raise an argument." (quotation marks omitted)).

[2] We write primarily for the parties and recite only the facts essential to our decision.

and unfair competition after learning that Marchese falsely claimed that he was the owner of "an active supermarket business," Family Markets,[3] and had an ownership interest in multiple Wakefern members, including four SHOPRITE® supermarkets in New Jersey. Appendix ("App.") 9–10. The defendants, in response, sent Wakefern a "Rule 11 Letter" demanding that Wakefern withdraw the complaint. Defendants' Brief ("Def. Br.") 6, 9. The defendants did not, however, serve or file a motion for sanctions with the letter. Wakefern stood by its complaint, so the defendants moved to dismiss. Wakefern subsequently learned that Marchese contacted Wakefern's accounting firm and represented — contrary to his contentions in the motion to dismiss — that he was the owner of a supermarket in New Jersey and needed assistance preparing financial statements for a commercial landlord. Wakefern moved for expedited discovery while the motion to dismiss was pending, seeking to depose Marchese about representations he made about Wakefern and SHOPRITE®.

The District Court granted the motion to dismiss without prejudice and denied the motion for expedited discovery as moot. The defendants then moved for attorneys' fees and costs. The Magistrate Judge denied that motion, holding that while it is unsettled whether a dismissal without prejudice makes the defendants prevailing parties, this is not an "exceptional" case that warrants fees. App. 13–20. The defendants timely appealed.

---

[3] Family Markets "has never carried out any business and does not currently own or operate any supermarket." Wakefern Food Corp. v. Marchese, No. 20-cv-15949, 2021WL 3783259, at *1 (D.N.J. Aug. 26, 2021).

II.[4]

Under the Lanham Act, a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Cases are exceptional for purposes of the Lanham Act when "(a) there is an unusual discrepancy in the merits of the positions taken by the parties or (b) the losing party has litigated the case in an 'unreasonable manner.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 313 (3d Cir. 2014) (citing Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014)).

The defendants argue that they are prevailing parties because they secured a dismissal without prejudice and that this is an "exceptional" case because Wakefern pleaded a complaint "devoid of any factual allegations sufficient to sustain its claims" and "pursued claims in an 'unreasonable manner.'" Def. Br. 19–20. We disagree with the latter argument and agree with the Magistrate Judge that this is not an exceptional case warranting an award of fees.[5]

---

[4] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. We generally review a denial of attorneys' fees for abuse of discretion. Raab v. City of Ocean City, 833 F.3d 286, 292 (3d Cir. 2016). "An abuse of discretion occurs when a district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Id. But when a court bases its denial of attorneys' fees on its legal conclusions, we review the decision de novo. Id.

[5] We assume that the defendants are prevailing parties for the purposes of this appeal because we need to reach the "exceptional case" question. See CRST Van Expedited, Inc. v. E.E.O.C., 578 U.S. 419, 422 (2016) ("Before deciding whether an award of attorney's fees is appropriate . . . a court must determine whether the party seeking fees has prevailed in the litigation.").

4

First, that Wakefern's complaint was insufficiently pleaded does not render the case exceptional. The defendants liken this case to J & J Snack Foods, Corp. v. Earthgrains Co., No. 00-6230, 2003 WL 21051711 (D.N.J. May 9, 2003), a case in which a district court awarded attorneys' fees to prevailing Lanham Act defendants. The opinion in that district court case was not published and is not binding on this Court. In any event, the opinion in J & J Snack Foods is inapposite. The plaintiff there sought preliminary injunctive relief against the defendants' use of the "BREAK & BAKE" mark. Id. at *2. The court denied the request in a "lengthy" opinion that detailed the deficiencies in the plaintiff's claims. Id. The plaintiff did not amend its claims but instead sought only to submit an expert report, which the court found inadmissible. Id. The court ultimately awarded fees to the defendants, holding that although the "initial filing of [the] action was justified and not exceptional," the plaintiff's "continued pursuit of the action after it was aware that [the expert report] lent no credence to its position" and "in light of the [c]ourt's clear guidance" that the claims were legally insufficient "made the case exceptional." Id. at *4. The original complaint here, like in J & J Snack Foods, was "justified and not exceptional." But unlike the plaintiff in J & J Snack Foods, Wakefern did not continue to press its claims after they were dismissed. J & J Snack Foods, therefore, does not support the defendants' application for fees and costs.

The defendants next argue that this case is exceptional because Wakefern pursued its claims in an unreasonable and "aggressive manner" by "1) filing an action instead of first sending a cease and desist letter; 2) hiring a private investigator to investigate [Marchese] after the Complaint was filed but before an answer was due; and 3) filing a

5

Motion for Expedited Discovery while Defendant's Motion to Dismiss was pending." Def. Br. 10, 19–20. None of these acts renders the case exceptional. The defendants have cited no authority requiring a party to send a cease and desist before commencing litigation. And motions for expedited discovery are not uncommon in civil litigation.

The thrust of the defendants' argument is that Wakefern is a financially stronger opponent. But that alone is not enough for exceptionality. See Octane Fitness, 572 U.S. at 554 (discussing factors to consider in making the exceptionality determination). We agree with the Magistrate Judge that "beyond citing to [Wakefern's] status as a 'multi-billion-dollar supermarket,' Defendants have failed to point to any evidence that [Wakefern] utilized 'baseless allegations and strong-arm tactics' in this litigation" as opposed to "fair and vigorous use of the legal process." See Wakefern Food Corp. v. Marchese, No. 20-cv-15949, 2022 WL 1639044, at *5 (D.N.J. May 24, 2022). This simply is not a case where a sophisticated party sought to "bury" its adversary financially and "take everything he had by filing multiple suits and complaints against him and his attorneys in a variety of legal fora." See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 282 (3d Cir. 2000) (quotation marks omitted). The Magistrate Judge, therefore, did not abuse his discretion in finding this case unexceptional.

III.

For the foregoing reasons, we will affirm the order denying attorneys' fees and costs.