

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2005

# USA v. Hertzog

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2997

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Hertzog" (2005). *2005 Decisions.* Paper 1427.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1427

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 03-2997

_____

UNITED STATES OF AMERICA

v.

RONALD W. HERTZOG,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 02-cr-00153)
District Judge:  Hon. James F. McClure, Jr.

_____

Argued March 12, 2004

Before:  SLOVITER, NYGAARD, Circuit Judges, and SHADUR[*], District Judge

(Filed:  March 29, 2005)

_____

Kyle W. Rude   (Argued)
McNerney, Page, Vanderlin & Hall
Williamsport, PA 17703

        Attorney for Appellant

_____

 [*]    Hon. Milton I. Shadur, United States Senior District Judge for the Northern
District of Illinois, sitting by designation.

Frederick E. Martin   (Argued)
Office of United States Attorney
Williamsport, PA 17701

      Attorney for Appellee


OPINION


SLOVITER, Circuit Judge.

Ronald W. Hertzog, who was indicted in the United States District Court for the Middle District of Pennsylvania on three firearms offenses, pled guilty to one count charging possession of unregistered firearms. He has appealed from the judgment of conviction and sentence. His appeal is limited to issues relating to the judgment of sentence. Although we heard oral argument in this matter on March 12, 2004, we delayed our disposition to consider the effect of the decision of the United States Supreme Court in Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004). Thereafter, we further delayed disposition of this matter pending the decision in United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005).

Now that those decisions have been issued, we proceed to resolve Hertzog's appeal. For the reasons explained below, we will vacate the judgment of conviction insofar as it pertains to the sentence and remand to the District Court for resentencing in

accordance with the decision in <u>Booker</u>.[1]

## I.

Because the parties are familiar with the factual and procedural background of this case, we refer only to those facts that are pertinent to our disposition. In 2001, the Federal Bureau of Investigation, in conjunction with the Pennsylvania State Police, initiated an investigation of the Pennsylvania Citizens Militia, an organization of individuals who share a distrust of the federal government. Pursuant to this joint investigation, law enforcement officers infiltrated the organization and attended field-training exercises. During these field exercises, Hertzog – the "self-proclaimed commander" of the Pennsylvania Citizens Militia – purportedly used illegal machine guns and made plans to sell one of these weapons to the undercover officers. Supp. App. at 1.

On June 19, 2002, law enforcement officials arrested Hertzog. During the resulting search of Hertzog's property, law enforcement officers allegedly recovered, <u>inter alia</u>, a homemade silencer, several machine gun-type weapons, a machine gun receiver, three additional rifles that could have been converted into fully-automatic weapons along with instructions for so converting the guns, a stockpile of over one-hundred rounds of bullets including some armor-piercing ammunition, several inert grenades, and instructional books on how to create and hide illegal weaponry.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231; this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

3

A federal grand jury thereafter issued a three-count indictment. Subsequently, Hertzog entered a guilty plea to Count III of this indictment and thereby admitted that he had knowingly and intentionally received and possessed several unregistered firearms in violation of 26 U.S.C. § 5861(d).

The District Court conducted a three-day sentencing hearing at which the Court heard testimony from numerous witnesses, including a firearms expert, an explosives expert, and various event witnesses. On May 21, 2003, the District Court issued a memorandum that set forth its findings of fact and conclusions of law. The District Court determined that Hertzog's base offense level under the 2002 Edition of the United States Sentencing Guidelines was eighteen, see U.S.S.G. § 2K2.1(a)(5) (2002), to which it applied various enhancements on the basis of facts that the Court itself had determined. See Supp. App. at 9-20 (applying offense level enhancements pursuant to, inter alia, U.S.S.G. §§ 2K2.1(b)(1)(A), 2K2.1(b)(3), 3B1.3, and 3C1.1(2002)). Although Hertzog, who had no criminal history, normally would have fallen into Criminal History Category I, the District Court imposed an upward departure regarding Hertzog's criminal history because it found that Hertzog was likely to recidivate. The District Court imposed further upward departures on the basis of its findings that Hertzog had possessed armor-piercing ammunition and that he constituted a significant danger to public safety. Ultimately, the District Court, applying the Sentencing Guidelines as mandatory, sentenced Hertzog to a term of seventy months imprisonment.

Hertzog thereafter lodged a timely appeal with this court challenging his sentence.

## II.

In <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005), the Supreme Court held, <u>inter alia</u>, that "the Sixth Amendment as construed in <u>Blakely</u> does apply to the [Federal] Sentencing Guidelines." <u>Booker</u>, 543 U.S. at __, 125 S. Ct. at 746. <u>Booker</u> was decided by two opinions of the Court approved by different majorities. In the first opinion, authored by Justice Stevens for a majority of five, the Court reaffirmed the holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt" and extended that rule to the United States Sentencing Guidelines. <u>Booker (Stevens)</u>, 543 U.S. at __, 125 S. Ct. at 756.

The second opinion, authored by Justice Breyer for a majority of five,[2] focused on the remedy. The Court held that 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act of 1984 that made the Guidelines mandatory, was incompatible with the Court's constitutional ruling; thus, the Court severed and excised § 3553(b)(1). Similarly, 18 U.S.C. § 3742(e), "the provision that set[] forth standards of review on appeal, including <u>de novo</u> review of departures from the applicable Guidelines range," was also

---

[2] Justice Ginsburg was the only Justice who joined both majority opinions.

severed and excised because it contained critical cross-references to the section that made the Guidelines mandatory. Booker (Breyer), 543 U.S. at __, 125 S. Ct. at 764. The net result was to delete the mandatory nature of the Guidelines and transform them to advisory guidelines for the information and use of the district courts in whom discretion has now been reinstated.

The sentencing issues Hertzog raised in his original brief are now covered by the Booker holdings. This court has previously held that post-Booker sentencing issues raised on direct appeal are best determined by the district courts in the first instance. See United States v. Davis, 397 F.3d 173, 183 (3d Cir. 2005) ("In light of the determination of the judges of this court that the sentencing issues appellants raise are best determined by the District Court in the first instance, we vacate the sentences and remand for resentencing in accordance with Booker."); see also United States v. Ordaz, 398 F.3d 236, 239 (3d Cir. 2005).

## III.

For the reasons stated above, we will vacate Hertzog's judgment of conviction insofar as it pertains to his sentence and remand to the District Court for resentencing in accordance with the opinion of this court.