

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-16-2008

# In Re: Mystic Tank

Precedential or Non-Precedential: Precedential

Docket No. 06-4033

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Mystic Tank " (2008). *2008 Decisions*. Paper 283.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/283

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-4033

———

IN RE: MYSTIC TANK LINES CORPORATION,
Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 05-cv-04783)
District Judge: Honorable Anne E. Thompson

———

Submitted Under Third Circuit LAR 34.1(a)
October 7, 2008

Before: SLOVITER and AMBRO, Circuit Judges, and
POLLAK,[*] District Judge

(Filed: October 16, 2008 )

———

Albert A. Ciardi, III
Nicole M. Nigrelli
Ciardi Ciardi & Astin
Philadelphia, PA l9l03

     Attorneys for Appellant

————————————

  [*] Hon. Louis H. Pollak, Senior Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by
designation.

Oren L. Zeve
Office of Attorney General of the
  State of New York
New York, NY 10271

    Attorney for Appellee

_____

OPINION OF THE COURT

_____

SLOVITER, <u>Circuit Judge</u>.

In this appeal we revisit the police power exception to the automatic stay in bankruptcy and consider the extent to which a bankruptcy court has exclusive subject matter jurisdiction.

## I.

**Factual Background and Procedural History**

R.J. Guerrera, Inc., the predecessor in interest of appellant Mystic Tank Lines Corporation (hereafter "Mystic"), was one of a number of companies that delivered gasoline to a New York gas station. In 1997, the State of New York (hereafter "New York") learned that a leak at the station had contaminated the local soil and groundwater with petroleum products. As the New York court held in rendering the default judgment against Mystic, New York state law allows the state to recover damages from any shipper for discharged petroleum if the leak can be traced to the delivery of the gasoline and the shipper had control over delivery. N.Y. Nav. Law § 181 (McKinney 2004). In May 2004, New York brought suit in the Supreme Court of New York (a trial court) against "all potential dischargers on the site," naming Guerrera as a defendant. App. at 295. Neither Guerrera nor its successor Mystic ever answered the New York complaint.

On June 1, 2004, Mystic filed for bankruptcy in the United States District Court for the District of New Jersey. In

2

September 2004, Mystic informed New York both that it had filed for bankruptcy and that it had acquired Guerrera, one of the defendants in New York's action. On October 18, 2004, New York filed a proof of claim against Mystic in the Bankruptcy Court (Claim Number 161) based on the damages for the clean-up of the contamination. Thereafter, matters proceeded in both the New York state court and the New Jersey Bankruptcy Court.

In June 2005, New York obtained a default judgment against Guerrera in its state court action in light of Guerrera's failure to file an answer to its complaint. In the same month, June 2005, Mystic filed objections to New York's bankruptcy claim. Mystic alleged that the "claim was based on pre-petition litigation wherein the Debtor disputed all such liability." App. at 50. The next month Mystic filed another motion to expunge the claim, arguing that the claim had been filed late and that even if the claim were allowed, it would be covered by the insurance Guerrera had in place when delivering the fuel.

The Bankruptcy Court held a hearing on the claim. During this hearing the lawyer representing New York State argued that the claim had been filed on time and that the claim should be allowed regardless of whether the insurance companies were willing to pay. New York also countered Mystic's argument that liability was still disputed by pointing out that a judgment had been entered in the New York state court action. When Mystic attempted to argue that it had never been served with the complaint in the New York action, the Bankruptcy Judge responded:

> [B]ut they attached the judgment to their response, so I can't set aside the judgment in New York State. I don't have the right to do that. We have the Full Faith and Credit Statute. Federal Courts have to recognize State judgments. All right? So if you want to attack that judgment you've got to go to New York State . . . .

App. at 23. Thus, the Bankruptcy Court allowed New York's Claim Number 161 based on the state court judgment. However, New York's additional claim for other cleanup costs (designated

3

Claim Number 207) was expunged after New York conceded it filed that claim late.

Mystic appealed the allowance of Claim Number 161 to the District Court, which affirmed the decision of the Bankruptcy Court. The District Court rejected Mystic's argument that New York violated the automatic stay by obtaining the default judgment after it filed the claim in the Bankruptcy Court. The District Court held New York's claim fell within the police power exception to the automatic stay. Mystic's timely appeal of that decision is before us now.

While the case was on appeal, there was a relevant development in the New York state action. Because New York had failed to include affidavits establishing the connection between the gasoline deliveries and the gasoline leak, the New York Supreme Court, Appellate Division, reversed the state trial court's default judgment without prejudice to New York renewing its application. The parties notified this court and we held the appeal c.a.v.[1] pending further action in the state court. New York renewed its motion for default judgment in the state court action, this time including affidavits establishing the necessary connection. The New York court again granted the default judgment over the objection of Mystic. Both parties then asked that this court reinstate the appeal to the calendar.

## II.

### Jurisdiction and Standard of Review

This court has jurisdiction to review the decision of the District Court upholding the decision of the Bankruptcy Court under 28 U.S.C. § 158(d)(1). The appeal is from a final order and was timely filed.

---

[1]As defined in Black's Law Dictionary, c.a.v. is an abbreviation for curia advisari vult, meaning "the court will be advised, will consider, will deliberate."

4

Mystic raises only legal issues. The legal conclusions of the District Court and Bankruptcy Court are subject to de novo review. In re Indian Palms Assocs., Ltd., 61 F.3d 197, 203 (3d Cir. 1995).

## III.

### Discussion

Mystic makes only two arguments in its opening brief. It contends: "(1) The Filing Of The Default Judgment Against The Debtor Constituted An Attempt to Enforce A Money Judgment And Therefore Violated The Automatic Stay Arising Under 11 U.S.C. § 362(a)," Appellant's Br. at 12; and "(2) The Judgment Is Void Ab Inito [sic] Because New York Violated The Automatic Stay Arising under 11 U.S.C. § 362(a) And Once New York Filed A Proof Of Claim New York Submitted To The Jurisdiction Of The Bankruptcy Court," Appellant's Br. at 16. As New York points out in its brief, both arguments are soundly foreclosed by our precedents and by the statutory text.

A.     The Automatic Stay

Under the Bankruptcy Code, the filing of a bankruptcy petition generally "operates as a stay . . . of the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement" of the bankruptcy case. 11 U.S.C. § 362(a)(1). There are exceptions to this rule, however. One of the principal exceptions to the automatic stay is for the exercise of police power, as the Code provides that the stay does not apply to

> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power . . . .

5

11 U.S.C. § 362(b)(4).

Although on its face the default judgment New York obtained against Guerrera in state court appears to fall within the police power exception to the automatic stay, Mystic argues that New York is attempting to enforce a money judgment, which is expressly excluded from the police power exception (sometimes referred to as "the exception to the exception"). Mystic views the New York state default judgment as an attempt to enforce a money judgment because New York sought the judgment for money already expended in cleanup. Mystic relies on our decisions in Penn Terra Ltd. v. Dep't of Envlt. Res., 733 F.2d 267 (3d Cir. 1984), and United States v. Nicolet, Inc., 857 F.2d 202 (3d Cir. 1988). It misreads those cases. Although both cases examine the intersection of environmental cleanup costs and bankruptcy claims, they do not support the proposition for which Mystic cites them.

In Penn Terra, we considered whether the debtor's obligation, pursuant to a pre-petition consent decree to remedy some of its environmental protection violations incorporated into a state court injunction order, fell within the exception to the automatic stay. This court held that an order compelling the debtor to clean up an environmental hazard was not enforcement of a money judgment. 733 F.2d at 278. We explained that it is the enforcement of a money judgment by a seizure or an attempt to seize a debtor's property that is proscribed by the automatic stay.

Penn Terra was followed by Nicolet, which presented facts nearly identical to those in the present case. The United States sought to bring to trial its claim to recover the costs it expended in the cleanup of a hazardous waste site that Nicolet owned at the time the site was contaminated. 857 F.2d at 202. Nicolet contended that because the government sought to secure a judgment for pre-petition expenditures, it was simply attempting to collect money, and thus was outside the scope of the police power. The District Court rejected that argument, and we agreed. We examined the legislative history of the automatic stay provision, and noted that both the Senate and House

6

Committee Reports stated that an action by a governmental unit attempting to fix damages for violation of, inter alia, an environmental law is not stayed under the automatic stay. We stated that the police power exception permits "the entry of a money judgment, but does not extend to permit enforcement of a money judgment." Id. at 208 (emphasis omitted) (citing S. Rep. No. 989, at 52, as reprinted in 1978 U.S.C.C.A.N. at 5838; H.R. Rep. No. 595, at 343, as reprinted in 1978 U.S.C.C.A.N. at 6299).

In Nicolet, as in this case, the government merely sought to reduce to judgment its claim for the costs it expended for the pre-petition site clean-up, an action we held was not one enforcing a money judgment because the debtor's property had not been seized. Nicolet, 857 F.2d at 208. There is no meaningful distinction between Nicolet and this case. As in Nicolet, New York's state court action sought only the entry of a judgment. New York's action in obtaining the default judgment was therefore within the police power exception and was not a violation of the automatic stay.

This conclusion also requires rejection of Mystic's argument that the default judgment is void ab initio because it was obtained in violation of the automatic stay. As the judgment was not obtained in violation of the automatic stay, it cannot be held void ab initio. We therefore hold that the District Court did not err in rejecting Mystic's reliance on the automatic stay.

B.      Whether the Bankruptcy Court Jurisdiction was Exclusive

In its second argument, Mystic contends that the New York state court did not have subject matter jurisdiction to issue the default judgment. Mystic argues that because New York had submitted its claim to the New Jersey Bankruptcy Court before New York sought default judgment in the New York state court, its claim fell within the sole jurisdiction of the Bankruptcy Court. This argument fails as well.

Before we consider whether the New York state court had jurisdiction to issue the default judgment, we must first inquire

7

whether we should entertain this argument in light of Mystic's apparent failure to raise the issue in the District Court. "This court has consistently held that it will not consider issues that are raised for the first time on appeal." Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994). We depart from this rule, which is one of waiver, only in exceptional circumstances. Delaware Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006). Although Mystic did argue in the District Court that the New York state court judgment was void ab initio, it based its argument entirely on whether the New York court's issuance of the default judgment was a violation of the automatic stay. It did not argue that the Bankruptcy Court had exclusive jurisdiction over the validity of the claim. Although we could view this argument as waived, it does trench upon the jurisdiction of the Bankruptcy Court, which Mystic contends is exclusive, and we will exercise our discretion to consider Mystic's argument. Under the statutory scheme for bankruptcy matters, established following the decision in N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982), the district courts have original jurisdiction in all cases arising under title 11 of the United State Code. 28 U.S.C. § 1334(a). They generally refer such matters to bankruptcy judges. 28 U.S.C. § 157(a). District courts have original, but not exclusive, jurisdiction over all civil suits related to the bankruptcy filing. 28 U.S.C. § 1334(b). Of note, this section also specifically states,

> nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

It is without a doubt, as Mystic argues, that when New York filed its proof of claim in the Bankruptcy Court, it submitted to the jurisdiction of the Bankruptcy Court. It does not follow that the Bankruptcy Court had exclusive jurisdiction over all aspects of the claim. No provision of the Bankruptcy Code requires the Bankruptcy Court to hear all "related to"

8

claims.

New York has not disputed the authority of the Bankruptcy Court to allow or disallow claims. Indeed, the Bankruptcy Court in this case allowed Mystic's Claim Number 161, while disallowing its Claim Number 207. It disallowed Claim Number 207 without inquiring into the validity of the claim under state law because it was filed late. As is evident from the language of 28 U.S.C. § 1334(c)(1), the district courts may, but are not required to, proceed concurrently with a state court on some aspects of a bankruptcy claim. Thus, in Penn Terra, we acknowledged the right of the Pennsylvania state court to issue its order compelling the debtor to proceed with remediation of the contaminated site, notwithstanding that the claim for recovery of the costs was pending in the Bankruptcy Court. This would not have been possible had the jurisdiction of the Bankruptcy Court been exclusive.

The issue was succinctly discussed in Sanders v. City of Brady (In re Brady Mun. Gas Corp.), 936 F.2d 212, 218 (5th Cir. 1991), where the court held that

> the only aspect of the bankruptcy proceeding over which the district courts and their bankruptcy units have exclusive jurisdiction is "the bankruptcy petition itself." See In re Wood, 825 F.2d 90, 92 (5th Cir.1987). In other matters arising in or related to title 11 cases, unless the Code provides otherwise, state courts have concurrent jurisdiction . . . .

As the New York state court had jurisdiction to enter the default judgment, the Bankruptcy Court properly allowed the claim.

## IV.

## Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court that the Bankruptcy Court properly allowed

9

Claim Number 161.