

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2009

# Michael Radogna v. Williams Twp

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2358

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Michael Radogna v. Williams Twp" (2009). *2009 Decisions.* Paper 1342.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1342

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2358
_____

In re: YOLANDA RADOGNA,

                                             Debtor


MICHAEL A. RADOGNA,

                                             Appellant

                    v.

WILLIAMS TOWNSHIP; WILLIAMS TOWNSHIP
BOARD OF SUPERVISORS; SALLY HIXSON; ROBERT DOERR,
FRED MEBUS; RICHARD ADAMS; BRIAN M.P. MONAHAN


_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 07-cv-04536)
District Judge:  Honorable Thomas M. Golden

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2009
Before:   BARRY, SMITH and GARTH, <u>Circuit</u> <u>Judges</u>


(Opinion Filed:  May 21, 2009)
_____

OPINION
_____

PER CURIAM

         Michael A. Radogna appeals <u>pro</u> <u>se</u> from an order of the District Court affirming

the Bankruptcy Court's dismissal of an adversary complaint. We will affirm.

I.

Radogna's mother, Yolanda Radogna, filed for Chapter 13 bankruptcy protection in 2001. (Bankr. E.D. Pa. No. 01-24118.) The Bankruptcy Court entered an order confirming her Chapter 13 plan in 2002. Radogna's mother died in January 2007. On August 27, 2007, the Trustee filed his final report stating that the bankruptcy estate had been fully administered and requesting an order of discharge. The Bankruptcy Court discharged the estate by order entered September 19, 2007.

On August 30—after the Trustee filed his final report, but before the Bankruptcy Court discharged his mother's estate—Radogna filed an adversary complaint against Williams Township and certain of its employees. (Bankr. E.D. Pa. No. 07-2078.) Radogna purported to file the complaint on his mother's behalf under a power of attorney, and also asserted claims personal to him. According to Radogna, a Township zoning officer "trespassed" on his property (which had belonged to his mother) and told him that he required a grading permit, apparently for construction being done at the property. Thereafter, the Township issued to Radogna a "stop work" order and three citations for zoning ordinance violations. These events occurred in April 2007. Radogna also alleges that Township employees improperly responded to an informational request he made in connection with these proceedings. He claims that these actions violated the automatic bankruptcy stay, 11 U.S.C. § 362, and his own constitutional rights to privacy and due

2

process.[1]

By order entered September 24, 2007, the Bankruptcy Court dismissed Radogna's

complaint on the grounds that he was not authorized to represent his mother's estate pro

se and gave him leave to re-file the complaint through legal counsel. Radogna appealed

to the District Court, which affirmed on the same ground by order entered April 10, 2008.

Radogna now appeals to us.[2]

## II.

Radogna's complaint alleges that defendants' actions both violated the automatic

stay in his mother's bankruptcy and violated his own constitutional rights. The

Bankruptcy Court dismissed his entire complaint on the grounds that he was not

authorized to represent his mother pro se. We agree with that ruling, and agree that it

---

[1]Before filing his complaint, Radogna filed a notice of removal purporting to remove the zoning citations to federal court. A District Judge summarily remanded the matter, see Commonwealth of Pa. v. Radogna, E.D. Pa. Civ. No. 07-cv-03027, and Radogna filed his complaint shortly thereafter.

[2]The District Court had appellate jurisdiction pursuant to 28 U.S.C. § 158(a), and we have appellate jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. The dismissal of Radogna's complaint technically was without prejudice because both the Bankruptcy Court and District Court gave him leave to re-file it through counsel, but both courts' orders effectively are final because Radogna has stood on his purported right to proceed with the complaint pro se. See Borelli v. City of Reading, 532 F.3d 950, 951-52 (3d Cir. 1976). "Our review of the District Court's ruling in its capacity as an appellate court is plenary, and we review the bankruptcy judge's legal determinations de novo." In re Mullarkey, 536 F.3d 215, 220 (3d Cir. 2008).

3

required the dismissal of the complaint insofar as it sought to enforce the automatic stay.[3]

Federal courts, including ours, "have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (collecting cases). See also Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that parent and guardian could not litigate pro se on behalf of his children). Radogna's power of attorney may have conferred certain decision-making rights under state law, but it does not allow him to litigate pro se on behalf of his mother in federal court. See Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001).[4]

Radogna also lacked standing to enforce the automatic stay on his own behalf. He appears to argue, as he argued for the first time in the District Court, that he may assert a violation of the automatic stay because he is a "co-debtor" with his mother. But Radogna was not a co-debtor in his mother's bankruptcy. The Chapter 13 petition bears her name

---

[3]We note, without deciding the issue, that the Williams Township zoning citations may not have been subject to the automatic stay in the first place. See In re Mystic Tank Lines Corp., 544 F.3d 524, 526-27 (3d Cir. 2008) (discussing "police and regulatory power" exception to automatic stay under 11 U.S.C. § 362(b)(4)).

[4]Both the Bankruptcy Court and District Court opined that Radogna was practicing or attempting to practice law without a license in violation of state law. Radogna takes issue with those statements and appears to argue that the District Court erred in failing conclusively to resolve that issue. That issue, however, was not before the Bankruptcy Court or the District Court and is not before us. Like the Bankruptcy Court and District Court, we decide merely that Radogna's power of attorney did not permit him to litigate pro se on behalf of his mother in federal court as a matter of federal law. The statements below regarding the unauthorized practice of law were surplusage.

4

only, and she remained the only debtor in the Bankruptcy Court from the time she filed her petition until the time her estate was discharged. Nor does Radogna's potential status as a "co-debtor" with his mother in some other capacity (which he does not assert) confer standing to enforce the automatic stay. See In re New Era, Inc., 135 F.3d 1206, 1210 (7th Cir. 1998) ("[T]he stay is for the protection of the debtor and its creditors."); Winters v. George Mason Bank, 94 F.3d 130, 133 (4th Cir. 1996) ("It is well settled that the automatic stay does not apply to non-bankrupt codebtors."). Accordingly, Radogna lacked authority to enforce the automatic stay on behalf of his mother, and lacked standing to enforce it on behalf of himself.[5]

This ruling does not dispose of Radogna's own constitutional claims. Neither the Bankruptcy Court nor the District Court addressed those claims, but there is no reversible error in that regard. The Bankruptcy Court lacked jurisdiction over Radogna's claim regarding the automatic stay. See Goode v. City of Philadelphia, 539 F.3d 311, 317 (3d Cir. 2008) (Article III standing is a "jurisdictional prerequisite"). Thus, Radogna's constitutional claims required an independent jurisdictional basis. See also In re Mullarkey, 536 F.3d at 223 ("we adopted a claim-by-claim approach to determine the extent of a bankruptcy court's jurisdiction"). They do not have one.

---

[5]The District Court believed that it was "not in a position to determine whether appellant is, in fact, a co-debtor, as doing so is beyond the scope of its authority as an appellate court." (Dist. Ct. Op. n.1.) Determining whether Radogna was a co-debtor in his mother's bankruptcy, however, entails nothing more than a review of the Bankruptcy Court record and a determination of whether Radogna was a debtor in that proceeding.

Bankruptcy courts have jurisdiction to adjudicate claims "arising under" Title 11 or "arising in" a Title 11 bankruptcy case (collectively, "core" claims), as well as those "related to" a bankruptcy case. Stoe v. Flaherty, 436 F.3d 209, 216-17 (3d Cir. 2006). Radogna's constitutional claims fall within neither the Bankruptcy Court's "core" or "related to" jurisdiction. Radogna's claims are not core claims because it cannot be said that "the Bankruptcy Code creates the cause of action or provides the substantive right invoked" (and thus that they "arise under" Chapter 11), or that they "'have no existence outside the bankruptcy'" (and thus "arise in" the bankruptcy). Stone, 436 F.3d at 216-17 (citation omitted). To the contrary, Radogna's claims allegedly arise under the Constitution and are wholly independent of his mother's bankruptcy.

Neither are his claims "related to" that bankruptcy. Claims are "related to" a bankruptcy if their outcome "'could conceivably have any effect on the estate being administered in bankruptcy.'" Id. at 216 (citation omitted). "[A]t the post-confirmation stage, 'the claim must affect an integral aspect of the bankruptcy process—there must be a close nexus to the bankruptcy plan or proceeding.'" Id. at 216 n.3 (citation omitted). Radogna's constitutional claims clearly do not qualify. His claims seek redress for harm allegedly done to him, and he seeks damages for his own alleged "serious mental anguish, psychological and emotional distress, character assassination, and financial disdain." (Compl. ¶ 24.) These claims bear no conceivable relation to his mother's bankruptcy, which already had been fully administered when Radogna filed his complaint.

6

Accordingly, the District Court's order will be affirmed. Radogna's motion for sanctions is denied.[6]

---

[6]Radogna initially sought sanctions because he claimed that he did not receive a copy of appellees' brief or their motion to file it out of time. Appellees responded that they sent both to Radogna, that their mailings were not returned as undeliverable, and that he must have received a copy of their brief. In his reply, Radogna does not dispute those assertions and instead makes additional allegations that we find to be immaterial. To the extent that Radogna's reply on the issue of sanctions might be construed also as a motion to enlarge the record on appeal, that aspect of the motion is denied as well.