**UNITED STATES of America,**

v.

**Paul F. POLISHAN, Appellant.**

**No. 07–1721.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) on July 14, 2009.

Opinion Filed: Oct. 20, 2009.

Lorna N. Graham, Office of United States Attorney, Scranton, PA, Bruce Brandler, Office of United States Attorney, Harrisburg, PA, for United States of America.

Paul F. Polishan, Minersville, PA, pro se.

Before: RENDELL, FUENTES, and ROTH, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge:

Appellant Paul Polishan was the Senior Vice–President of Finance, Chief Financial Officer, and Chief Accounting Officer of Leslie Fay Companies, a publicly traded corporation. In 2002, Polishan was convicted in a non-jury trial on eighteen counts relating to a substantial accounting fraud at Leslie Fay, and was sentenced to 108 months imprisonment. Polishan appealed the judgment but not the sentence, and on July 14, 2003 we affirmed his conviction. *United States v. Polishan*, 336 F.3d 234 (3d Cir.2003).

Polishan now brings this habeas petition alleging that his appellate counsel rendered ineffective assistance by not challenging the constitutionality of the federal sentencing guidelines during the direct appeal of his conviction. For the reasons that follow, we will affirm the District Court and deny the petition.[1]

### I.

Because we write exclusively for the parties, we only discuss the facts and proceedings to the extent necessary for the resolution of this case.

Polishan was sentenced by the District Court on January 17, 2002. During sentencing, Polishan's counsel argued that the District Court's adjustments to Polishan's guideline range were not based on facts found beyond a reasonable doubt at trial, thus violating the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The District Court rejected the *Apprendi* argument and sentenced Polishan based on the adjusted guideline range. Polishan promptly filed a notice of appeal, but only challenged the judgment of conviction, not the sentence imposed by the District Court. We held oral argument on Polishan's appeal on March 10, 2003, affirmed his conviction in a precedential opinion dated July 14, 2003, and issued a mandate on September 4, 2003. Polishan appealed to the Supreme Court but was denied cert on March 1, 2004.

Shortly before Polishan filed his cert petition, the Supreme Court granted cert in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The Court heard argument in *Blakely* on March 23, 2004 and issued its opinion on

---

1. We have jurisdiction pursuant to 28 U.S.C. § 2253 and 28 U.S.C. § 1291.

June 24, 2004. Later that summer, on August 2, 2004, the Court granted cert in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The Court heard argument in *Booker* on October 4, 2004 and issued an opinion on January 12, 2005.

## II.

Polishan's principal contention is that his appellate counsel was constitutionally ineffective for failing to present the *Apprendi* argument in his brief on direct appeal. Specifically, Polishan argues that he would have been eligible for a resentencing pursuant to *Booker* had the *Apprendi* argument been included in his appellate brief.

A claim for ineffective assistance of counsel is evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The standard has two prongs: Petitioner must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. 2052. The first prong requires petitioner to show that counsel made errors "so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* This showing can be made by demonstrating that the attorney's performance was unreasonable under prevailing norms. *United States v. Day*, 969 F.2d 39, 42 (3d Cir.1992). The second prong requires petitioner to show that the errors were "sufficiently serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different." *United States v. Mannino*, 212 F.3d 835, 840 (3d Cir.2000). For the reasons outlined below, we need not address whether the performance of Polishan's counsel was deficient, as Polishan cannot show a "reasonable probability" that the omission of the *Apprendi* argument affected the disposition of his appeal. *See Strickland*, 466 U.S. at 697, 104 S.Ct. 2052 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Polishan is correct to note that we did hold a number of sentencing appeals c.a.v. pending the decisions in *Blakely* and *Booker*.[2] *See, e.g., United States v. Simmons*, 124 Fed.Appx. 142 (3d Cir.2005), *United States v. Hertzog*, 131 Fed.Appx. 7 (3d Cir.2005), and *United States v. Mortimer*, —— Fed.Appx. ——, 2005 WL 318650 (3d Cir.2005). In each of those cases, however, the decision to hold the case c.a.v. was made well after the Supreme Court's June 24, 2004 decision in *Blakely*, and either contemporaneous to or shortly after the Supreme Court granted cert on August 2, 2004 in *Booker*: *Simmons* was held c.a.v. on August 2, 2005; *Hertzog* was held c.a.v. on August 17, 2004; and *Mortimer* was held c.a.v. on August 19, 2004. In other words, we did not place federal sentencing cases on hold until *Blakely* had already been decided and the prospect of *Booker* cast doubt on the continuing validity of the federal guidelines. Polishan's direct appeal was heard before this Court more than a year before *Hertzog, Simmons*, or *Mortimer*.[3] We affirmed Polishan's con-

---

**2.** C.a.v. is an abbreviation of curia advisari vult, meaning "the court will be advised, will consider, will deliberate." *In re Mystic Tank Lines Corp.*, 544 F.3d 524, 526 n. 1 (3d Cir. 2008).

**3.** Polishan also cites *United States v. Benjamin*, 125 Fed.Appx. 438 (3d Cir.2005). Like

viction—and the Supreme Court denied cert on his subsequent petition—well before *Blakely* was decided by the Supreme Court. Accordingly, we cannot say that there was a "fair probability" that we would have held his appeal c.a.v. had his appellate counsel included an argument challenging the constitutionality of the federal sentencing guidelines.

We also do not see a fair probability that the Supreme Court would have acted on Polishan's cert petition had his appellate attorney included the *Apprendi* argument. Polishan has still not cited "any federal sentencing decision that was pending review by the Supreme Court when it denied his certiorari petition and which was either vacated by the [Supreme] Court in light of *Blakely* or held for further consideration pending the outcome in *Blakely*." *United States v. Polishan*, 481 F.Supp.2d 350, 358 (M.D.Pa.2007). And the assertion that the Supreme Court would have actually granted his cert petition had he included the *Apprendi* argument is, to quote the District Court, "entirely conjectural"—an exercise in possibilities, not probabilities. *Id.* at 357–58. Accordingly, Polishan has failed to show that he was prejudiced by his counsel's omission of the *Apprendi* argument during his direct appeal.

### III.

For the reasons outlined above, we will affirm the District Court's opinion and deny Polishan's petition.

**UNITED STATES of America**

**v.**

**Gregory RAYSOR, Appellant.**

**No. 09–1384.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) on Sept. 9, 2009.

Opinion Filed: Oct. 19, 2009.

*Hertzog, Simmons,* and *Mortimer, Benjamin* was held c.a.v. in anticipation of the Supreme Court's decision in *Booker,* although the exact day it was held c.a.v. is somewhat unclear. In all other respects, however, Benjamin was like the appeals in *Hertzog, Simmons,* and *Mortimer. Benjamin* was heard before the Court on May 4, 2004, the same day as *Simmons* (and nearly fourteen months after argument in Polishan's direct appeal), and, like those other cases, was still pending before us when *Blakely* was decided.

George S. Leone, Esq., Samuel A. Stern, Esq., Office of United States Attorney, Newark, NJ, for United States of America.