**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2998
_____

LAMONICA CROSS,
                                        Appellant

v.

STATE OF NEW JERSEY, DIVISION OF CRIMINAL JUSTICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-11-03726)
District Judge:  Honorable Mary L. Cooper

_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 24, 2015

Before:  HARDIMAN, GREENAWAY, JR., and KRAUSE, Circuit Judges

(Filed: June 4, 2015)
_____

OPINION[*]
_____

KRAUSE, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lamonica Cross appeals from the District Court's order granting summary judgment on her Title VII claim for failure to promote based on race and gender. We will affirm because the record amply supports the District Court's grant of summary judgment.

I.      **Background**

Cross began working for the New Jersey Department of Criminal Justice ("DCJ") in August 2000. In 2009, Cross applied for a promotion to the position of Sergeant-State Investigator. A total of ninety-six candidates applied for a single opening. The selection process consisted of four phases: a review of the applicants' credentials and any recommendations by their Lieutenants; a written interview; a panel interview conducted by Deputy Chiefs and Deputy Attorneys General; and an executive interview conducted by senior and executive staff. Cross passed the first and the second phases but did not move past the third. Only nineteen applicants advanced to the executive interview phase, including one African-American female.

After the selection process ended, Cross filed a complaint with the New Jersey Office of Equal Employment Opportunity ("Office of EEO"), alleging discrimination based on race and gender. The Office of EEO deemed her allegations unsubstantiated, and Cross filed this lawsuit. DCJ moved for summary judgment, which the District Court granted on May 14, 2014. The District Court did not address whether Cross could make a *prima facie* case of discrimination because DCJ articulated a legitimate, nondiscriminatory reason for not promoting Cross—that she had performed poorly during

2

her panel interview—and Cross did not show that reason was pretextual. Cross filed a timely appeal.

## II. Discussion

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. "[O]ur review of a grant of summary judgment is plenary, and in making that review we use the same standard as a district court: whether there are genuine issues of material fact precluding entry of summary judgment." *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 211 (3d Cir. 2009) (citing *E.T. Browne Drug Co. v. Cococare Prods., Inc.*, 538 F.3d 185, 191 (3d Cir. 2008)).

When analyzing discrimination claims under Title VII, we use the burden-shifting approach outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). As we explained in *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509 (3d Cir. 1992):

> The plaintiff must first establish by a preponderance of the evidence a prima facie case of discrimination. . . . After the plaintiff has established a prima facie case, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the employee's rejection. . . . Then, the plaintiff, since she retains the ultimate burden of persuasion, must prove, by a preponderance of the evidence, that the defendant's proffered reasons were a pretext for discrimination.

*Id.* at 522 (citations omitted). "This basic framework under Title VII illustrates that, to defeat summary judgment when the defendant answers the plaintiff's prima facie case with legitimate, non-discriminatory reasons for its action, the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious

3

discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

DCJ's proffered reason for denying Cross the promotion was her poor performance during the panel interview. Several panelists testified that Cross had difficulty with the interview, including that she failed to answer questions and appeared intimidated and overwhelmed. In fact, the panelists unanimously ranked Cross second to last among the thirty-one applicants who reached the third phase of the selection process. We therefore agree with the District Court that DCJ established a legitimate, nondiscriminatory reason for its action, shifting the burden to Cross to show pretext.

Cross's attempts to dispute DCJ's evaluation of her interview performance are unpersuasive. She admits there were two questions for which she did not have an immediate response: one about how she would handle a disagreement with a co-worker and one about what negatives she perceived to exist within DCJ. She urges that there were inconsistencies in the panelists' accounts of her interview but cannot identify any that could be considered material. Cross also points to a statement by one panelist, Deputy Chief Beiger, that the panelists "were all impressed with the people who interviewed" and that "[i]t was a very difficult decision," and asserts that this statement creates a dispute of fact about her poor performance. Appellant's Br. 29 (quoting App. 324). This general, polite statement, however, does not contradict the panel's unanimous conclusion that Cross did not interview as well as the other candidates and thus should not advance in the selection process.

4

Cross's other attempts to demonstrate pretext are also unavailing. Cross maintains that she was more qualified than other applicants, but "[t]o discredit the employer's proffered reason, . . . the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Fuentes*, 32 F.3d at 765. "Rather, the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them unworthy of credence and hence infer that the employer did not act for [the asserted] non-discriminatory reasons." *Id.* (emphasis and alteration in original) (citations and internal quotation marks omitted).

Cross cannot do this. She argues that DCJ employed inconsistent interview techniques, but she cannot show any material differences between the questions she was asked and those asked of other candidates.[1] She responds with allegations that DCJ destroyed evidence that could support her contentions, specifically, the candidates' resumes and notes taken by the panelists during the interviews, and argues that such spoliation of evidence suggests pretext. But Cross has not put forward any evidence to

---

[1] Cross was asked about her duties and responsibilities when she was a Winslow Township police sergeant. While other applicants, given their varying job histories, were not asked this particular question, we agree with the District Court that this "is a fair interview question and does not demonstrate that [Cross] was treated differently from any other applicants, or that the interviewers demanded more from her during her interview." App. 13.

5

show that DCJ intentionally destroyed any evidence; to the contrary, the record indicates that DCJ diligently searched for the missing documents and was unable to find them. Accordingly, DCJ's inability to produce, years later, documents reviewed or notes taken during the interviews does not raise a triable issue of fact as to pretext. *See Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 334 (3d Cir. 1995) ("No [spoliation] inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for.").

Further, Cross's assertions of disparate treatment by two of her past Lieutenants do not undermine DCJ's legitimate reasons for its decision. Even if Cross could show discriminatory conduct by either Lieutenant, neither of them was on the interview panel, which included one white woman and one African-American woman, and Cross cannot show that either Lieutenant had any influence on the panel's unanimous decision that she should not advance.[2] In short, Cross cannot meet her "difficult burden" of establishing a dispute of fact as to pretext. *Fuentes*, 32 F.3d at 765.[3]

---

[2] The District Court previously dismissed claims regarding these past incidents of alleged discrimination on statute of limitations grounds. While Cross does not challenge those rulings, she argues that the District Court "committed legal error . . . by failing to assess this evidence." Appellant's Br. 23. These assertions are undercut by Cross's failure to argue in her opposition to summary judgment that any past incidents demonstrate pretext. *See* Pl.'s Opp'n to Summ. J. 13-18, ECF No. 30. In any event, Cross cannot show any connection between her past interactions with her Lieutenants and the interview panel's decision.

[3] Cross supplements her pretext claim with two theories of liability raised for the

## III.    Conclusion

For the reasons stated above, we will affirm the judgment of the District Court.

---

first time on appeal: a mixed-motives theory and a retaliation theory. We will not consider issues raised for the first time on appeal except in "exceptional circumstances." *In re Mystic Tank Lines Corp.*, 544 F.3d 524, 528 (3d Cir. 2008) (citing *Del. Nation v. Pennsylvania*, 446 F.3d 410, 416 (3d Cir. 2006)). No such circumstances are present here. Regardless, we see no merit in these additional contentions. To succeed on a mixed-motives theory, Cross would need to show "conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting the alleged discriminatory attitude." *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1096 (3d Cir. 1995) (internal quotation marks omitted). She has not. As for the retaliation theory, Cross cannot establish any connection between a February 2008 EEO complaint she filed about her Lieutenant and the panel's decision not to promote her in September 2009. The only panelist who even knew about the complaint was Deputy Chief Beiger, and Cross testified she did not believe Deputy Chief Beiger ever discriminated against her.