**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4291
_____

MYRON GIDDENS,
                              Appellant

v.

UPS SUPPLY CHAIN SOLUTIONS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-11-cv-00616)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2015
Before:  RENDELL, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: July 16, 2015)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Myron Giddens appeals the District Court's grant of summary judgment against him on his claims against UPS Supply Chain Solutions ("UPS") for interference with his rights under the Family and Medical Leave Act ("FMLA"), for unlawful retaliation related to his use of FMLA leave, and for unlawful retaliation for what Giddens alleged was protected activity under 42 U.S.C. § 2000e ("Title VII"). We will affirm the District Court's judgment.

Giddens started work at UPS in February of 2008. His employment was terminated in July of 2008 because of attendance issues. Giddens challenged the termination through UPS's employee dispute resolution program and was reinstated in October of 2008, with his notice of termination converted to a final written warning for attendance problems. Giddens does not deny that he continued to have attendance problems and received multiple written warnings and negative performance reviews. In early December of 2009, Giddens filed a complaint with the Delaware Department of Labor and the Equal Employment Opportunity Commission ("EEOC") alleging that he was being discriminated against at work because his superiors harassed him, demanding documentation and that he return to work while he was on sick leave. Giddens then missed work from December 22 to December 30, 2009 and from January 4 through his termination by letter dated January 14, 2010. The letter stated that he was being terminated because of his attendance in 2009 and concerns about the inconsistency and accuracy of information he provided regarding his attendance. Giddens claims he was

experiencing flu symptoms during those final absences and that he was under the care of his doctor.

Giddens sued UPS, alleging that the absences in the holiday season of 2009-2010 were protected FMLA leave and that UPS had both interfered with his rights under the FMLA and retaliated against him for exercising those rights. He also claimed that UPS had retaliated against him for filing the complaint with the EEOC. UPS moved for summary judgment on all claims and the District Court granted the motion.[1]

"Our review of the District Court's grant of summary judgment is plenary, viewing the facts in the light most favorable to the nonmoving party." Erdman v. Nationwide Ins. Co., 582 F.3d 500, 502 (3d Cir. 2009). "Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 251 (3d Cir. 2014) (internal quotation marks omitted). We may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

The District Court correctly granted summary judgment on Giddens's Title VII retaliation claim because Giddens did not present any evidence to show that the decision-makers involved in his firing knew that he had filed an EEOC discrimination complaint.

---

[1] Giddens references a "discrimination claim" in his materials. However, the District Court dismissed Giddens's substantive discrimination claim without prejudice and gave him leave to amend his complaint. In his amended complaint, Giddens did not attempt to resurrect the discrimination claim but chose to pursue only the Title VII retaliation claim and the claims raised under the FMLA.

3

Title VII prohibits employers from retaliating against an employee who has availed himself of his rights under that statute. See 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation under Title VII, Giddens was required to produce evidence to show that: (1) he engaged in a protected activity under the statute; (2) UPS took adverse employment action against him; and (3) there was a causal connection between his protected activity and the adverse employment action. See Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006).

Both parties acknowledge that Giddens participated in protected action by filing his discrimination complaint and that UPS took adverse employment action when it fired him. Giddens's only evidentiary support for the required causal connection is the temporal proximity of his firing to his filing of the EEOC claim. Giddens was fired approximately two weeks after notice of his claim was sent to UPS. "To demonstrate a link between protected activity and an employer's adverse action, a plaintiff may rely on the temporal proximity between the two if 'unusually suggestive.'" Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 196 (3d Cir. 2015). However, UPS presented evidence that the decision to fire Giddens was made before any of the decision-makers received notice of the EEOC claim, which was mailed to UPS on December 29, 2009. Giddens's supervisor requested permission to terminate his employment as early as December 23. All three participants in the final decision to terminate Giddens provided affidavit testimony that the decision was made before they were aware of his discrimination complaint. Their testimony was bolstered by emails discussing the need to wait until Giddens and other

4

personnel were in the office to inform him of the decision, followed by a final email directing Giddens's superiors to inform him of his termination by letter because he had not returned to work. Giddens "cannot establish that there was a causal connection without some evidence that the individuals responsible for the adverse action knew of [his] protected conduct at the time they acted." Id. Giddens provided no such evidence and the District Court properly granted summary judgment to UPS on this claim.[2]

The District Court also properly granted summary judgment on the FMLA interference and retaliation claims because Giddens was not entitled to FMLA leave for the final series of absences for which he was fired. UPS does not dispute that Giddens was covered under the FMLA. However, in order to qualify for FMLA leave, an employee must suffer from a serious health condition and give the employer adequate notice of the need for FMLA leave. Schaar v. Lehigh Valley Health Serv., Inc., 598 F.3d 156, 158 (3d Cir. 2010). The only definition of a serious health condition under the FMLA that Giddens argues applies to his situation is one that involves "continuing treatment by a health care provider." See 29 U.S.C. § 2611(11)(B). The FMLA requires Giddens to have had his first in-person treatment visit within "seven days of the first day

---

[2] The District Court also correctly noted that there was ample evidence in the record of legitimate, non-retaliatory reasons for Giddens's termination and that Giddens had failed to present any evidence that such reasons were set forth as mere pretext to cover up retaliation. Giddens therefore could not meet his burden under the McDonnell Douglas burden-shifting test, even if he established a prima facie case for retaliation under Title VII. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973). Under this analysis, Giddens's FMLA retaliation claims fail as well. See Lupyan v. Corinthian Coll. Inc., 761 F.3d 314, 324 (3d Cir. 2014).

of incapacity." See 29 C.F.R. § 825.115(a)(3). Incapacity is defined as "inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom." 29 C.F.R. § 825.113(b). In his second amended complaint, Giddens identified December 22 as his first day of incapacity. In his opposition to summary judgment, he identified December 21, the first day he called out of work, as his first day of incapacity. However, in his deposition, he stated that his symptoms started as early as December 18, and that he spent Saturday, December 19, and Sunday, December 20, in bed "trying to recuperate." In light of his admission that he was not able to perform his regular daily activities starting on December 19, the District Court determined that Giddens had failed to raise a question of fact with respect to whether he suffered from a serious health condition because his December 28 doctor visit took place outside the seven days permitted under the statute.[3] The District Court properly granted summary judgment on Giddens's claim for FMLA interference.

---

[3] The District Court noted that Giddens had not made any argument regarding the seven day requirement. On appeal, Giddens argues that the December 28 visit was the first available visit and that he was unable to see a doctor before then due to circumstances outside his control. However, in his counseled brief in response to the motion for summary judgment, Giddens simply stated that it was undisputed that his first day of incapacity was December 21. He did not provide any evidence to dispute his deposition testimony, which established his first day of incapacity as December 19. Giddens provides no reason why he did not respond in the District Court to UPS's undisputed evidence regarding the timing of his treatment. We will not consider this issue for the first time on appeal. See In re Mystic Tank Lines Corp., 544 F.3d 524, 528 (3d Cir. 2008).

6

Accordingly, we will affirm the judgment of the District Court. Giddens's motion to add an addendum to his reply brief is granted.