**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

Nos. 14-3710 & 14-4605

————

NEELU PAL,

Appellant

v.

JERSEY CITY MEDICAL CENTER; UNIVERSITY OF MEDICINE & DENTISTRY
OF NEW JERSEY; PETER SCHOLZ, M.D.; NATHANIEL HOLMES, M.D.;
DORIAN WILSON, M.D.; JOHN DOES 1-10; XYZ CORP. 1-10;
MEDICAL-DENTAL STAFF OF JERSEY CITY MEDICAL CENTER

————————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:11-cv-06911)
District Judge:  Honorable Stanley R. Chesler

————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2016

Before:  CHAGARES, KRAUSE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 15, 2016)

————

OPINION[*]

————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

These consolidated appeals, brought by pro se appellant Neelu Pal, M.D., stem from her civil action filed in the United States District Court for the District of New Jersey. Dr. Pal challenges four orders entered by the District Court, as well as one order entered by the assigned United States Magistrate Judge. For the reasons that follow, we will affirm each of the four District Court orders, and we will dismiss these appeals to the extent that they challenge the Magistrate Judge's order.[1]

I.

Dr. Pal, a female of Indian origin, is a medical doctor and board-certified general surgeon. In July 2008, she began her employment with the University of Medicine and Dentistry of New Jersey ("UMDNJ"), serving as a resident in the cardiothoracic surgery program at Robert Wood Johnson Hospital ("RWJ"). In February 2009, she resigned from that position after learning that her contract would not be renewed for the following year. Dr. Pal believed that the decision not to renew her contract was made in retaliation for her complaints that certain RWJ staff had discriminated against her on the basis of her gender and national origin.

Shortly after resigning from the program at RWJ, Dr. Pal applied for privileges to practice as a general surgeon at Jersey City Medical Center ("JCMC"). Over the next

---

[1] Appellees' motion to supplement the appendix is granted. Dr. Pal also seeks to file a supplemental appendix; however, because the documents in her proposed supplemental appendix are already part of the original appendix, her motion to supplement is denied.

several months, Nathaniel Holmes, M.D., who was the chairman of JCMC's Credentials Committee, gathered information to evaluate Dr. Pal's application. In September 2009, Dr. Holmes advised the Credentials Committee that he was not endorsing Dr. Pal's application due to her deficient references. The Credentials Committee agreed with Dr. Holmes's position and recommended that Dr. Pal's application be denied. JCMC's Medical Executive Committee ("MEC") concurred with this recommendation and notified the hospital's Board of Trustees ("the Board"). In November 2009, Dr. Pal was notified of the denial of her application.

Pursuant to JCMC's bylaws, Dr. Pal sought intra-hospital review of the decision to deny her application. A hearing was held before a "Fair Hearing Committee" ("FHC") over the course of two days in 2010. Dr. Pal was represented by an attorney during that hearing. In February 2011, the FHC recommended that the decision to deny Dr. Pal's application be affirmed. The FHC found that "[t]he numerous unfavorable or less than favorable references Dr. Pal offered[] provide more than sufficient credible evidence to support the adverse action taken in denying Dr. Pal's application." (Appellees' Suppl. App. at 1567.)

After the MEC adopted the FHC's recommendation, Dr. Pal appealed to the "Appellate Review Committee" ("ARC"). The ARC agreed with the FHC and the MEC, and recommended that the Board issue a final decision denying her application. The Board adopted the ARC's recommendation and notified Dr. Pal in August 2011. In October 2011, JCMC filed an Adverse Action Report ("AAR") with the National

3

Practitioner Data Bank. The AAR stated, inter alia, that Dr. Pal's application had been denied based on the "negative references regarding [Dr. Pal's] ability to work with others, which is conduct that could adversely affect the health of patients." (Id. at 1780.)

Between 2010 and 2011, Dr. Pal filed two civil actions related to the above-referenced events. First, she filed a complaint in New Jersey state court against UMDNJ and several RWJ doctors, seeking relief for the alleged discrimination and retaliation she experienced while at RWJ. In 2013, the jury in that case awarded Dr. Pal $1.6 million in damages, finding that she had "prove[n] by a preponderance of the evidence that UMDNJ's decision not to renew her contract as a cardiothoracic resident was retaliation, causally connected to her communications regarding discrimination." (Id. at 259.) However, the jury also found that Dr. Pal had *not* proven her allegation that UMDNJ retaliated against her by providing negative references to other health care facilities.

The second civil action brought by Dr. Pal is the one now before us. In November 2011, she filed a counseled complaint in the District Court. A few months later, her attorney withdrew from the case. Dr. Pal then obtained new counsel, who moved to amend the complaint. The proposed amended complaint was brought against UMDNJ, two UMDNJ doctors (Drs. Scholz and Wilson), JCMC, JCMC's Medical-Dental Staff, and Dr. Holmes.[2] The ten counts in this new pleading, which included a "post-

---

[2] The amended complaint also named "John Doe" and "XYZ Corp." defendants. Because it appears that these individuals and entities were never identified and served with that pleading, they are not considered parties to this lawsuit. See De Tore v. Local # 245 of the Jersey City Pub. Emps. Union, 615 F.2d 980, 982 n.2 (3d Cir. 1980).

4

employment retaliation" claim, due process claims, civil conspiracy claims under 42 U.S.C. § 1985, and several state law claims, revolved around the denial of Dr. Pal's JCMC application and the deficient references that allegedly undergirded that denial.

On November 20, 2012, the District Court granted Dr. Pal's motion to amend in part and denied it in part, permitting her to proceed with seven counts from her proposed amended complaint. The District Court concluded that the other three counts, all of which alleged due process violations under 42 U.S.C. § 1983, did not state a viable claim. Dr. Pal moved for reconsideration of this ruling, but the District Court denied that relief on January 25, 2013.

A few weeks later, Dr. Pal moved for leave to file a second amended complaint, seeking to clarify her dismissed due process counts and add another count. On May 14, 2013, the assigned Magistrate Judge entered an order denying leave to amend. Shortly thereafter, Dr. Pal's second attorney obtained the Magistrate Judge's permission to withdraw as counsel. Going forward, Dr. Pal proceeded pro se.

The defendants eventually moved for summary judgment. Pal opposed those motions and filed another motion for leave to further amend her claims. On July 21, 2014, the District Court denied Dr. Pal's motion to further amend her claims and granted the summary judgment motion filed by UMDNJ and the two UMDNJ doctors (hereinafter collectively referred to as the "UMDNJ Defendants"). In denying leave to amend, the District Court stated that Dr. Pal's motion was "prejudicially untimely, with no apparent justification for [her] dilatory conduct." (Appellees' Suppl. App. at 40.) In

5

granting summary judgment, the District Court concluded that the claims against the UMDNJ Defendants were barred by the doctrine of collateral estoppel because the issue undergirding these claims had already been litigated in Dr. Pal's state court case. Shortly after the District Court entered its July 21, 2014 order, Dr. Pal filed a notice of appeal. That appeal was assigned C.A. No. 14-3710.

On October 27, 2014, the District Court entered an order that (1) granted the summary judgment motion filed by JCMC, its Medical-Dental Staff, and Dr. Holmes (hereinafter collectively referred to as the "JCMC Defendants"), and (2) closed the case. In doing so, the District Court concluded that the record lacked sufficient evidence to support Dr. Pal's civil conspiracy claims against Dr. Holmes, and that the JCMC Defendants were entitled to immunity from Dr. Pal's state-law claims pursuant to the Health Care Quality Improvement Act of 1986 ("HCQIA"), 42 U.S.C. § 11101 et seq. Dr. Pal then filed another notice of appeal, which was assigned C.A. No. 14-4605 and consolidated with C.A. No. 14-3710. These two appeals are now ripe for disposition.[3]

---

[3] We have jurisdiction over these appeals pursuant to 28 U.S.C. § 1291. Although the appeal in C.A. No. 14-3710 was premature when it was filed, it ripened into a viable appeal when the District Court entered its October 27, 2014 order disposing of Dr. Pal's remaining claims. See Lazy Oil Co. v. Witco Corp., 166 F.3d 581, 585 (3d Cir. 1999). Before that order was entered, Dr. Pal filed a motion asking us to stay the appeal in C.A. No. 14-3710 pending the District Court's ruling on her motion for a final judgment. Given that a final judgment has been entered, Dr. Pal's stay motion is denied as moot.

II.

As a preliminary matter, we must determine the scope of our review. Dr. Pal

challenges five orders in this case: (1) the District Court's November 20, 2012 order

denying in part her motion to amend her complaint; (2) the District Court's January 25,

2013 order denying reconsideration of the November 20, 2012 order; (3) the Magistrate

Judge's May 14, 2013 order denying Dr. Pal leave to file a second amended complaint;

(4) the District Court's July 21, 2014 order denying Dr. Pal leave to further amend her

claims and granting the UMDNJ Defendants' motion for summary judgment; and (5) the

District Court's October 27, 2014 order granting the JCMC Defendants' motion for

summary judgment.

The Magistrate Judge's order is not properly before us. When, as here, the parties

have not consented to proceed before a magistrate judge under 28 U.S.C. § 636(c), an

appeal from a magistrate judge's order must be made to the district court in the first

instance. See 28 U.S.C. § 636(b)(1); Siers v. Morrash, 700 F.2d 113, 116 (3d Cir. 1983).

Because Dr. Pal did not appeal the Magistrate Judge's May 14, 2013 order to the District

Court, Dr. Pal has waived her right to challenge that order here. See United States v.

Polishan, 336 F.3d 234, 240 (3d Cir. 2003). Accordingly, we will dismiss the appeals

before us to the extent that they seek review of the Magistrate Judge's order.

As for the four District Court orders, each is properly before us. We review the

denial of leave to amend a pleading for abuse of discretion, except that we review de

novo a district court's determination that amendment would be futile. See United States

7

ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014). We review the denial of a motion to reconsider for abuse of discretion, exercising de novo review over the district court's legal conclusions and reviewing its factual findings for clear error. Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010). Lastly, we exercise plenary review over a district court's grant of summary judgment. See Lomando v. United States, 667 F.3d 363, 371 (3d Cir. 2011). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may affirm a district court's decision on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

We first consider the District Court's November 20, 2012 order denying in part Dr. Pal's motion to amend her complaint. As indicated above, the District Court barred her from proceeding with her three proposed counts alleging due process violations under § 1983, concluding that these counts did not state a viable claim. In effect, then, the District Court determined that amendment of those claims would be futile.

To prevail on a § 1983 claim, a plaintiff must "show that the defendant acted under color of state law, and, while so acting, *deprived the plaintiff of h[er] rights under the Constitution or laws of the United States*." Galena v. Leone, 638 F.3d 186, 196-97 (3d Cir. 2011) (emphasis added). Here, Dr. Pal's proposed § 1983 claims essentially alleged that, when applying for privileges at JCMC, she was deprived of a positive

8

reference or recommendation from Drs. Wilson and Scholz.[4]  But Dr. Pal has not cited

any authority for the proposition that an individual has a right under the Constitution or

federal law to receive such a reference or recommendation.  Accordingly, we agree with

the District Court's decision to deny leave to amend with respect to Dr. Pal's § 1983

claims.  We also agree with the District Court's January 25, 2013 order declining to

reconsider that denial of leave to amend.[5]  Accordingly, we will affirm both orders.

We now turn to the District Court's July 21, 2014 order denying Dr. Pal's motion

to further amend her claims and granting the UMDNJ Defendants' motion for summary

judgment.  As noted above, the District Court concluded that Dr. Pal's motion was

"prejudicially untimely, with no apparent justification for [her] dilatory conduct,"

(Appellees' Suppl. App. at 40), and that the UMDNJ Defendants were entitled to

summary judgment pursuant to the doctrine of collateral estoppel.  For substantially the

reasons provided by the District Court, we agree with these determinations.  As a result,

we will affirm this order.

---

[4] As indicated above, Drs. Wilson and Scholz worked for UMDNJ, which is a state
university.  (UMDNJ Defendants' Br. 2.)
[5] Reconsideration is warranted only if the movant relies on one of the following grounds:
"(1) an intervening change in controlling law; (2) the availability of new evidence; or
(3) the need to correct clear error of law or prevent manifest injustice."  Lazaridis v.
Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).  Dr. Pal has not established that
any of these grounds apply here.

9

The last order before us is the District Court's October 27, 2014 decision granting the JCMC Defendants' motion for summary judgment. For the reasons that follow, we will affirm this order.

For substantially the reasons provided by the District Court, we agree with its conclusion that Dr. Pal's § 1985 civil conspiracy claims against Dr. Holmes failed for insufficient evidence. See Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (explaining that, although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in h[er] favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant") (internal quotation marks omitted). The remaining counts against the JCMC Defendants alleged state law claims. We consider them below.[6]

---

[6] There is no indication that diversity jurisdiction lies in this case. See 28 U.S.C. § 1332; see also Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) (explaining that "[d]iversity of citizenship must have existed at the time the complaint was filed"). Accordingly, Dr. Pal's state-law claims came before the District Court pursuant to its supplemental jurisdiction. See 28 U.S.C. § 1367. When the claims over which a district court has original jurisdiction are resolved before trial, "the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000). Here, once the District Court concluded that summary judgment was appropriate with respect to the federal claims against Dr. Holmes, all that remained were the state-law claims against the JCMC Defendants. We find no error in the District Court's discretionary decision to resolve those state-law claims, for we believe that the aforementioned considerations weighed in favor of this approach.

10

The District Court concluded that the state-law claims against the JCMC

Defendants were barred by the HCQIA. This statute grants limited immunity from

money damages suits to participants in "professional review actions." See 42 U.S.C.

§ 11111(a); Mathews v. Lancaster Gen. Hosp., 87 F.3d 624, 632 (3d Cir. 1996).[7] For

immunity to apply, a professional review action must be taken

> (1) in the reasonable belief that the action was in the furtherance of quality health care,
>
> (2) after a reasonable effort to obtain the facts of the matter,
>
> (3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and
>
> (4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirement of paragraph (3).

42 U.S.C. § 11112(a).[8]

"A professional review action will be presumed to have met the preceding

standards necessary for immunity to attach unless the presumption is rebutted by a

preponderance of the evidence." Gordon v. Lewistown Hosp., 423 F.3d 184, 202 (3d Cir.

2005) (citing 42 U.S.C. § 11112(a)). This presumption "creates an unusual standard for

reviewing summary judgment orders, as the plaintiff bears the burden of proving that the

---

[7] The denial of Dr. Pal's application for privileges at JCMC qualifies as a "professional review action." See 42 U.S.C. §§ 11151(9)-(11).

[8] This immunity did not apply to Dr. Pal's § 1985 claims against Dr. Holmes. See 42 U.S.C. § 11111(a). But as we explained above, those claims fail on the merits.

11

professional review process was not reasonable and thus did not meet the standard for immunity." Id. In this case, the District Court determined that Dr. Pal failed to meet this burden. For substantially the reasons provided by the District Court, we agree with that determination.[9] Accordingly, the HCQIA's grant of immunity applies here and the JCMC Defendants were entitled to summary judgment to the extent the state-law claims against them sought money damages.

Immunity under the HCQIA does not extend to claims for injunctive relief. See 42 U.S.C. § 11111(a); Gordon, 423 F.3d at 191 n.1. Here, two of Dr. Pal's state-law claims against the JCMC Defendants — her claims of defamation and "false light" — sought injunctive relief. Although the District Court did not address this aspect of these two claims, remand is not necessary. Under New Jersey law, a plaintiff must prove the following to prevail on a defamation claim: (1) the defendants "made a false and defamatory statement" about her; (2) "the statement was communicated to another person (and not privileged)"; and (3) the defendants "acted negligently or with actual malice." G.D. v. Kenny, 15 A.3d 300, 310 (N.J. 2011). To prevail on a false light claim, a plaintiff must prove (1) "that the false light in which [she] was placed would be highly

---

[9] HCQIA's grant of immunity generally shields individuals and entities who submit reports to the National Practitioner Data Bank. See 42 U.S.C. § 11137(c); Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1334 (10th Cir. 1996). The only circumstance in which this immunity is not triggered is when (1) the report contains false information and (2) the individual or entity submitting the report knew that the information was false. See 42 U.S.C. § 11137(c). Although Dr. Pal contends that this narrow exception applies here, the record before us does not establish that a reasonable jury could agree with that contention. See Barefoot Architect, Inc., 632 F.3d at 826.

12

offensive to a reasonable person," and (2) "that the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the [plaintiff] would be placed." Durando v. Nutley Sun, 37 A.3d 449, 458 (N.J. 2012) (first alteration added).

The record in this case contains insufficient evidence for a reasonable jury to find that the JCMC Defendants made a false and defamatory statement against Dr. Pal. In the same vein, there is insufficient evidence in this record for a reasonable jury to find that these defendants placed Dr. Pal in a false light. Accordingly, although these claims were not barred by HCQIA to the extent they sought injunctive relief, they were still subject to summary judgment. See Barefoot Architect, Inc., 632 F.3d at 826.

IV.

In sum, we will dismiss Dr. Pal's challenge to the Magistrate Judge's May 14, 2013 order, and we will affirm the District Court's orders entered November 20, 2012, January 25, 2013, July 21, 2014, and October 27, 2014, respectively.

13